THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RAY H. SPACE, JR., Appellant.

County Court, Westchester County, June 14, 1944.

*James R. Rooney* for appellant.

*Branch R. Kerfoot* for respondent.

SCHMIDT, J. This is an appeal from a judgment of conviction for speeding in violation of a village ordinance rendered in the Police Court of the Village of Pelham Manor and from the order denying the defendant's motion for remission of bail.

The defendant, a nonresident of the State of New York, was arrested for operating a motor vehicle at the rate of forty-six miles per hour. The police officer had trailed and clocked him for a distance in excess of one quarter of a mile. After the arrest, the defendant posted a ten-dollar bond at the police station.

Upon the arraignment the defendant failed to appear but was represented by counsel who moved for the remission of bail on the ground that the police officer had no right of arrest. The motion was denied and an exception taken. After several adjournments the case came to trial. Only the police officer testified for the People and the defendant was not present.· His counsel introduced no evidence but moved for dismissal and his motion was denied. Defendant was found guilty and a fine of ten dollars imposed.

On this appeal the principal question before the court is whether the police officer had a right to arrest for a traffic infraction. In *Breland* v.·*Gray* (37 N. Y. S. 2d 291), the Supreme Court sitting in Rockland County held that there was no right of arrest for a parking violation, the police officer not having seen the motorist park his car. It is therefore apparent that the alleged infraction had not been committed in the presence of the officer. Section 177 of the Code of Criminal Procedure provides that a police officer may, without a warrant, arrest a person for a crime committed in his presence. Paragraph 29 of section 2 of the Vehicle and Traffic Law provides that " Courts and judicial officers * * * shall continue to exercise jurisdiction over traffic infractions as herein defined, and for such purpose such acts and violations shall be deemed misdemeanors and all provisions of law relating to misdemeanors, except as

herein otherwise expressly provided, shall apply to traffic infractions * * *."

In the opinion of this court this provision is not restricted to the actual proceedings before " Courts and judicial officers ". It is unreasonable to assume that the Legislature intended to have traffic infractions, as far as the procedure for their prosecution is concerned, treated as misdemeanors on the actual trial but otherwise in the necessary steps preceding trial. This would be inconsistent, fraught with practical difficulties and would defeat the apparent purpose of the Legislature in providing an orderly and consistent procedure for punishment of violators of the Vehicle and Traffic Law and duly adopted " speeding ordinances " of municipalities.

In this case the traffic infraction was committed in the presence of the officer. He had a right to make an arrest for a misdemeanor committed in his presence. He therefore had a right to make an arrest for a traffic infraction committed in his presence and the denial of the motion to remit bail was therefore proper.

This case involves a vitally important step in the enforcement of laws passed to assure safety on our highways. If the purpose of the Legislature in passing the amendments to the Vehicle and Traffic Law, relied upon by the appellant, had been to make all violators of the Vehicle and Traffic Law and of municipal ordinances passed pursuant thereto exempt from arrest except upon warrants duly issued, we would have a situation in which citizens of this State who could be brought into court upon warrants would answer for their violations but where nonresidents, leaving the State before a warrant could be obtained and an arrest made, would in many cases escape even a trial for their offenses. It appears very improbable that the Legislature intended any such injustice.

On the trial no evidence of the due adoption of the village ordinance and the posting of the required signs was given, but the trial court apparently took judicial notice of such adoption and posting. Documentary proof of these facts has been supplied on this appeal and the court finds that the ordinance in question was duly adopted and the necessary signs duly posted.

This court takes judicial notice of the village ordinance as authorized in paragraph 3 of subdivision A of section 344-a of the Civil Practice Act.

The decision of the trial court in denying the motion for remission of bail and the judgment of conviction rendered by it are therefore sustained and affirmed.

Submit order.