THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERROL C. McBRIDE, Appellant.

County Court, Monroe County, February 29, 1952.

[Image 545 at top right]

*Alexander I. Tomanovich* for appellant.

*Clarence J. Henry, District Attorney (Joseph G. Fritsch* of counsel), for respondent.

O'MARA, J.  The defendant was convicted on April 7, 1951, in the Criminal Branch of the City Court of Rochester in that he violated an ordinance of the City of Rochester, New York, limiting the speed of automobiles.

On December 19, 1951, the defendant moved in the Criminal Branch of the City Court of Rochester for the issuance of a writ of *coram nobis* to have the conviction set aside, the information dismissed and the fine imposed remitted upon the ground that the defendant, at the time of his arraignment, was not advised of the provisions of section 335-a of the Code of Criminal Procedure.  The motion was denied and the appeal herein is from a denial of the said motion.

The brevity of the proceedings that took place at the time of the defendant's arraignment permits quoting the same in full. They are as follows:

" COURT: You are charged with driving and operating an automobile upon a public street, to wit, Culver Road, at a rate of speed exceeding 30 miles per hour at Rochester, New York, April 7, 1951. Do you want to get a lawyer? DEFENDANT: No. COURT: How do you plead? DEFENDANT: Guilty. COURT: Pay a $25.00 fine."

It is apparently conceded that the defendant had not been previously convicted of any violation of the Vehicle and Traffic Law of this State or of any local ordinances pertaining to the operation of motor vehicles but the defendant contends even though the conviction in question constituted his first violation in connection with the operation of a motor vehicle, the arraigning magistrate should have advised the defendant of the provisions of section 335-a of the Code of Criminal Procedure.

Section 335-a of the Code of Criminal Procedure reads as follows: " The magistrate, after the arrest in this state of a resident of this state charged with the violation of the vehicle and traffic law, or other law or other ordinance relating to the operation of motor vehicles or motor cycles, and before accepting a plea, must inform the defendant at the time of his arraignment that upon conviction, not only will he be liable to a penalty, but that, in addition, his license to drive a motor vehicle or motor cycle, or in the case of an owner, the certificate of registration of his motor vehicle or motor cycle, may or must be suspended or revoked in accordance with the provisions of law governing the charge involved, and must expressly inform the defendant that a plea of guilty is equivalent to a conviction after trial."

It is perfectly apparent from the reading of section 335-a that the sole purpose of its enactment was to advise a defendant as to the consequences of a conviction but only insofar as those consequences might affect the revocation or suspension of his operator's license or of his certificate of registration. It strikes me that it would be a waste of time and effort to advise a defendant of the provisions of section 335-a unless it were possible, pursuant to the provisions of section 71 of the Vehicle and Traffic Law, to revoke or suspend the defendant's operator's license or certificate of registration. There is no authorization in section 71 of the Vehicle and Traffic Law to revoke or suspend an operator's license or certificate of registration for a first conviction for violating an ordinance limiting the speed of auto-

mobiles and because of that fact, it was not necessary for the arraigning magistrate to advise this defendant of the provisions of section 335-a of the Code of Criminal Procedure. Any doubt of the necessity to so advise has been resolved by the Court of Appeals of this State in the case of *Matter of Johnston* v. *Fletcher* (300 N. Y. 470). In the *Johnston* case it was decided specifically that the provisions of section 335-a had no application in cases involving a defendant charged with his first or second violation of an ordinance having to do with limiting the speed of motor vehicles.

The original intent of the Legislature in enacting section 335-a, heretofore referred to, was likewise its intent when section 335-a was amended by chapter 75 of the Laws of 1942 which added the words " and must expressly inform the defendant that a plea of guilty is equivalent to a conviction after trial ". I make this statement not only upon the decision in the *Johnston* case but likewise upon my perusal of the contents of the " Bill Jacket Collection " on file with the New York State Library, Albany, New York. The " Bill Jacket Collection " contains the original memoranda and communications sent to the Governor in connection with the 1942 amendment to section 335-a of the Code of Criminal Procedure. It is definitely established from the said documents that the only purpose of the 1942 amendment was to avoid any misunderstanding by a defendant concerning a plea of guilty insofar as such a plea might affect his operator's license or registration certificate.

It is appreciated that an apparently first offender may have been twice previously convicted of violations which would require the arraigning magistrate to instruct the defendant of the provisions of section 335-a of the Code of Criminal Procedure. In view of the provisions of section 70 of the Vehicle and Traffic Law pertaining to recording prior convictions upon the defendant's operator's license, the arraigning magistrate could advise himself relative to such prior convictions by an examination of the defendant's operator's license. This exact procedure was followed in the *Johnston* case and was in no way criticized by the Court of Appeals.

The record on appeal presents another serious question and which has not been advanced as a ground for reversal of the order appealed from. The question is whether the arraigning magistrate by asking the defendant, " Do you want to get a lawyer? " constitutes a compliance with the mandatory provisions of section 699 of the Code of Criminal Procedure. Section 699 reads as follows:

" 1. In the cases in which the courts of special sessions or police courts have jurisdiction, when the defendant is brought before the magistrate, the magistrate must immediately inform him of the charge against him and of his right to the aid of counsel in every stage of the proceedings, and before any further proceedings are had.

" 2. The magistrate must allow the defendant a reasonable time to send for counsel, and adjourn the proceedings for that purpose. Upon request of the defendant, the magistrate must require a peace officer to take a message to such counsel, within the town or city, as the defendant may name, and the officer must, without delay and without fee, perform that duty.

" 3. If defendant requires counsel, then immediately after the appearance of counsel or if none appear, after waiting a reasonable time therefor, and if defendant do not require counsel, then immediately the charge against the defendant must be distinctly read to him, and he must be required to plead thereto, except as otherwise provided by law in relation to violations of traffic laws, ordinances, rules and regulations."

I am satisfied that the question asked by the arraigning magistrate was not a compliance with the provisions of section 699 and for that reason the order appealed from must be reversed. One needs but read the mandatory provisions of section 699 to come to the conclusion that its provisions were not complied with at the time of the defendant's arraignment. The magistrate's failure to comply with section 699 completely nullifies the proceedings taken upon the plea of guilty and the conviction entered thereon and requires a remission of the fine imposed. The defendant, upon receiving the appropriate statutory advice outlined in section 699 of the Code of Criminal Procedure, should be afforded the opportunity of interposing a plea to the charged offense.

The order appealed from is reversed and the fine paid is ordered remitted, and the case is ordered restored to the calendar of the Criminal Branch of the City Court of Rochester on March 6, 1952.

Submit order accordingly.