In the Matter of VICTOR E. DE LYNN, Respondent, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles, Appellant.

First Department, April 21, 1953.

*Abe Wagman* of counsel (*Wendell P. Brown, Solicitor-General,* with him on the brief; *Nathaniel L. Goldstein, Attorney-General,* attorney), for appellant.

*Victor E. De Lynn,* respondent in person.

*Per Curiam.* Special Term held that the suspension of the petitioner's license to operate an automobile was illegal, annulled the suspension, and restored the license. We think this was error. ·

The present revocation proceeding was brought under paragraph (d) of subdivision 3 of section 71 of the Vehicle and Traffic Law, which permits the commissioner to act: " for habitual or persistent violation of any of the provisions of this chapter, or of any lawful ordinance, rule or regulation made by local authorities in relation to traffic ".

The petition sets forth as ground for annulling the suspension that the commissioner acted on three certain convictions for speeding, and alleges that there had been failure on the part of the presiding Magistrate in those three cases to warn the licensee that his license might be suspended or revoked, as required by section 335-a of the Code of Criminal Procedure. Concededly, the three convictions did not occur within a period of eighteen months (Vehicle and Traffic Law, § 71, subd. 2, par. [c]), nor were any of them for dangerous driving under paragraph (a) of subdivision 3. Therefore, the offenses were not of such a nature as would make mandatory a suspension or revocation of a license to operate a motor vehicle upon conviction. Accordingly, there was no requirement for the Magistrate upon the arraignment for these offenses to issue the warning specified in section 335-a (see *Johnston* v. *Fletcher,* 86 N. Y. S. 2d 690, affd. 275 App. Div. 802, affd. 300 N. Y. 470).

The Magistrate could not have any knowledge that the Motor Vehicle Commissioner would proceed under paragraph (d) of subdivision 3 of section 71, for such action was entirely discretionary with the commissioner.

In the present case it appears that the licensee appeared at the revocation proceedings and raised solely the issue of law as to the right of the commissioner to act under paragraph (d) of subdivision 3 of section 71 in view of the failure to warn. It does not appear that petitioner attempted to explain the prior offenses. He was entitled to do so, as the convictions, though some evidence of the offenses involved, would not have been conclusive thereon nor on the charge of habitual offending. The commissioner was required to decide the issue of habitual offending on the whole record. We must assume that he did so here. Accordingly, it was error to annul the determination on the theory that the commissioner had acted without sufficient or legal evidence.

The order appealed from should be reversed and determination reinstated, with $20 costs and disbursements, and the motion denied.

Dore, J. P., Cohn, Callahan, Van Voorhis and Breitel, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, the determination reinstated and the petition dismissed, with costs.