In the Matter of SEYMOUR LIPPMAN, Petitioner, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Supreme Court, Special Term, Monroe County, May 21, 1954.

*S. William Rosenberg* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Philetus M. Chamberlain* of counsel), for respondent.

WITMER, J. Respondent James R. Macduff, Commissioner of Motor Vehicles of the State of New York, after a hearing upon due notice to petitioner, revoked petitioner's operator's license, as a persistent violator, under section 71 (subd. 3, par. [d]) of the Vehicle and Traffic Law. Petitioner has instituted this proceeding to annul the commissioner's determination and have his license restored.

Both parties hereto have asked this court to determine this proceeding. It seems, however, that since the commissioner conducted a hearing and made his determination thereon, under section 1296 of the Civil Practice Act this court should make an order transferring the proceeding directly to the Appellate Division of this department for decision. Under the circumstances, however, and particularly in view of the fact that the matter does not appear to be in proper form for final court review, and in order to expedite a final determination herein, this court directs a rehearing in the matter by the commissioner.

The commissioner made his determination based upon the following " summary of facts ":

This licensee has a record of nine violations since 1948. He had been granted a hearing here in 1950 on the charge of persistent violations at which time his case was closed with a warning and reprimand. Since then he has had four violations, which makes him a persistent violator.

Disposition — Revoke license for persistent violations.

The return shows the following analysis of the nine convictions referred to in the above summary:

| Offense | Date of Conviction | Circumstances at Time of Conviction |
|---|---|---|
| 1. Speeding, Franklinville, New York | April 19, 1948 | Pleaded guilty. No warning given under section 335-a of the Code of Criminal Procedure. |
| 2. Speeding, Macedon, New York | Sept. 13, 1948 | Pleaded guilty. No warning given under section 335-a of the Code of Criminal Procedure. |
| 3. Illegal left turn, Rochester, New York | Sept. 21, 1949 | Signed City Court form of consent and waiver of court hearing, and paid fine. |
| 4. Crossing double white lines, Rochester, N. Y. | Oct. 20, 1949 | Signed City Court form of consent and waiver of court hearing, and paid fine. |
| 5. Speeding, Rochester, New York | July 19, 1950 | Pleaded guilty. No warning given. |
| 6. Speeding, N. Carolina | Feb. 19, 1952 | Out of State. |
| 7. Speeding, Virginia | March 7, 1952 | Out of State. |
| 8. Stop sign violation, Rochester, New York | April 8, 1952 | Signed City Court form of consent and waiver of court hearing, and paid fine. |
| 9. Speeding, West Bloomfield, N. Y. | May 8, 1953 | Pleaded guilty. Warning given (but petitioner disputes this). |

The revocation hearing was held by the commissioner on August 4, 1953, and the commissioner's order of revocation was made on September 21, 1953.

Petitioner contends that as a matter of law the commissioner had no right to consider any of said nine convictions on the question of the revocation of his license because the warning required under section 335-a of the Code of Criminal Procedure was not given to petitioner on the occasion of any of such convictions.

Although no warning was given to petitioner under said section 335-a at the time of the first and second convictions, none was required because petitioner's license could not have been revoked after either of such convictions. (*Matter of Johnston* v. *Fletcher,* 300 N. Y. 470; *Matter of De Lynn* v. *Macduff,* 281 App. Div. 512, revd. for failure to warn on third offense, 305 N. Y. 501; *Matter of Long* v. *Macduff,* 284 App. Div. 61; *People* v. *McBride,* 202 Misc. 544.)

With respect to convictions numbers 3, 4 and 8, no warning was given because petitioner voluntarily signed a waiver of arraignment and court hearing and consented to his conviction, and paid the fine, without appearing. Admittedly, also, no warning was given to petitioner at the time of his arraignment for conviction number 5. But as to convictions numbers 3, 4, 5 and 8, no warning was needed for the purposes herein, since the commissioner did not take suspension or revocation action then. (See the cases above cited, and particularly *Matter of Long* v. *Macduff.*)

Convictions numbers 6 and 7 were made out of New York State. No ruling has been called to the court's attention as to whether or not the commissioner may consider an out-of-State conviction on the question of the revocation of an operator's license under subdivision 3 of section 71 of the Vehicle & Traffic Law. Revocation was made under paragraph (d) of subdivision 3 of said section, which reads as follows:

" 3. Permissive suspensions and revocations. Such licenses * * * may be suspended or revoked: * * *

" (d) for habitual or persistent violation of any of the provisions of this chapter, or of any lawful ordinance, rule or regulation made by local authorities in relation to traffic ".

Although it may very well be thought that violations of traffic ordinances in North Carolina and Virginia by a New York resident bear upon the question of whether such person driving in New York is a menace to other users of our highways just as much as his violations in New York, the statute does not expressly refer to out-of-State violations. Rather the inference is that reference in paragraph (d) of subdivision 3 of the statute is made to violations of New York laws, and this is particularly so in view of the specific mention in paragraphs (a) and (b) of subdivision 2 to the convictions outside of this State. The court should not broaden the statute by loose interpretation, where valuable personal privileges are at stake. In approving the amendment of related section 335-a of the Code of Criminal

Procedure in 1947 (L. 1947, ch. 418) the Governor stated in his memorandum that it was designed to make clear that it does not apply to nonresidents arraigned in New York nor to New York residents arraigned in other States. (Public Papers of Gov. Dewey, 1947, ch. IV, p. 322.) Magistrates in other States could not be expected to be familiar with said section 335-a, and, of course, would not follow it because it has no applicability outside of New York State. I conclude, therefore, that convictions numbers 6 and 7 above should not have been considered by the commissioner in connection with the revocation of petitioner's license.

With respect to the ninth conviction, petitioner insists that the Justice of the Peace did not give him the warning required by section 335-a of the Code of Criminal Procedure. It is stated on the certificate of conviction, however, that the warning was given. Petitioner's attorney makes affidavit that he spoke to the Justice of the Peace and that the latter indicated that he might sign an affidavit that no warning was given, but first must talk to " someone ", and that thereafter he declined to make such affidavit. Petitioner maintains that no warning was given and that the Justice of the Peace knows it or he would not even preliminarily have considered signing an affidavit to such effect.

It has been held that the court will not go beyond the certificate of conviction which shows that the warning was given. (*Matter of Lea* v. *Macduff*, 205 Misc. 24.) Nevertheless, the statute contemplates that there may be occasions when it is not clear whether or not such warning was given, for it provides (Vehicle and Traffic Law, § 71, subd. 6): " No suspension or revocation of a license  *  *  *  shall be made because of a judgment of conviction if the suspending or revoking officer is satisfied that the magistrate who pronounced the judgment failed to comply with section three hundred and thirty-five-a of the code of criminal procedure. In case a suspension or revocation has been made and the commissioner is satisfied that there was such failure, he shall restore the license ".

Under the circumstances as shown in this case, had petitioner raised the question upon the hearing, it would have been the commissioner's duty to examine into the matter and determine whether or not the warning was given. The commissioner's right in this case to revoke petitioner's license depends upon whether or not such warning was given at the time of his conviction.

In view of the fact that this was a discretionary revocation and the commissioner in exercising his discretion considered two out-of-State convictions which should not have been considered by him, and in view of the fact that the seven violations which might properly have been considered by the commissioner occurred over a five-year period, to wit, two in 1948, two in 1949, one in 1950, one in 1952, and one in 1953, and in view of the fact that at the hearing in 1950 after the fifth conviction the commissioner did not see fit to suspend petitioner's license, and in view of the fact that the petitioner is a salesman driving over 50,000 miles per year, I think it is proper that this matter be remanded to the commissioner for two purposes, to wit, first, to take evidence upon the question of whether or not the warning provided for in section 335-a of the Code of Criminal Procedure was given on the arraignment of petitioner on May 8, 1953, and second, if it is confirmed that such warning was given, the commissioner should exercise his discretion with respect to petitioner's license, based upon seven convictions, the last three of which occurred within a three and one-half-year period (see *Matter of De Lynn* v. *Macduff,* 305 N. Y. 501, 507, *supra*), and determine whether or not to take action to revoke or suspend petitioner's license therefor.

The matter is, therefore, remanded to the commissioner for such purposes; he to render his redetermination herein within thirty days of the entry and service of an order to be entered hereon, and in default of such redetermination within such time, the petitioner may, upon notice, present an order annulling the determination of the commissioner here under review, and restoring petitioner's license. If the commissioner finds that he will need more than such thirty days to render a new determination herein, upon adequate showing of such need and on notice to petitioner, the court will entertain an application to extend such time.

In view of the fact that the parties had a right to have this matter transferred directly to the Appellate Division by order of this court, under section 1296 of the Civil Practice Act, if either party is not satisfied with this intermediate disposition, he may submit an order transferring the matter to the Appellate Division pursuant to said statutory provision. (See *Matter of Mandelcorn* v. *Bruckman,* 292 N. Y. 543, Record in Court of Appeals, opinion by Piper, J., at Special Term, p. 167, folios 512–515.)