## (December 30, 1955)

■ Raymond J. Squadrito, Respondent, v. Ernest H. Griebsch, Appellant. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered April 28, 1955, in Onondaga County, upon a verdict rendered at a Trial Term.

Judgment affirmed, with costs.

Vaughan, J. (dissenting). This appeal requires the construction of section 180 of the New York Code of Criminal Procedure. We must decide whether that statute is to receive an interpretation obedient solely to its strict letter, or one which will satisfy the manifest purpose sought to be achieved.

The action is for an alleged false arrest. The facts are undisputed. While operating his automobile on a State highway, plaintiff was stopped and arrested

by defendant, a State patrolman. Although asked to state the cause of the arrest, defendant did not do so. He took possession of plaintiff's automobile registration and chauffeur's license and directed plaintiff to follow him to the Justice of the Peace, before whom plaintiff was charged with speeding in violation of subdivision 3 of section 56 of the Vehicle and Traffic Law. Upon the trial before the Justice, two State troopers testified that plaintiff had been driving at a speed of from seventy to seventy-five miles per hour for a distance exceeding two miles. Plaintiff was accordingly convicted and fined $50.

This action for false arrest was thereupon commenced. Defendant's right to make the arrest is not questioned (Vehicle and Traffic Law, § 68, subd. 1; Executive Law, § 223). The claim is that the detention became unlawful in view of section 180 of the Code of Criminal Procedure, which provides: " When arresting a person without a warrant the officer must inform him of the authority of the officer and the cause of the arrest, except when the person arrested is in the actual commission of a crime, or is pursued immediately after an escape." When that statute was enacted (L. 1881, ch. 442), speeding was a misdemeanor (see Penal Law, § 2, prior to its amendment by L. 1934, ch. 485). At that time, an officer arresting an offender in the actual commission of such misdemeanor would not have been required to state the cause of the arrest, and if we construe section 180 " as the courts would have construed it if it had come in question soon after its passage " (*People* v. *Broadway R. R. Co.*, 126 N. Y. 29, 37), the same result will obtain today. By chapter 485 of the Laws of 1934 (as amd.), however, the Legislature defined the words " traffic infraction " and provided: " A traffic infraction is not a crime, and the penalty or punishment imposed therefor shall not be deemed for any purpose a penal or criminal penalty or punishment, and shall not affect or impair the credibility, as a witness, or otherwise, of any person convicted thereof. * * * Courts and judicial officers heretofore exercising jurisdiction over such acts and violations as misdemeanors or otherwise shall continue to exercise jurisdiction over traffic infractions as herein defined, and for such purpose such acts and violations shall be deemed misdemeanors and all provisions of law relating to misdemeanors, except * * * as herein otherwise expressly provided, shall apply to traffic infractions, except however, that no jury trial shall be allowed- for traffic infractions." (Vehicle and Traffic Law, § 2, subd. 29; see, also, Penal Law, § 2, and Civ. Prac. Act, § 355.) It was the thought of the learned trial court, in directing a verdict for the plaintiff, that since speeding is now a traffic infraction and for some purposes may no longer be regarded as a misdemeanor, defendant did not apprehend plaintiff "in the actual commission of a crime," and was therefore required to inform him of the cause of the arrest. We think section 180 should not be read so strictly.

The Governor, in approving chapter 485 of the Laws of 1934, noted that it would " establish a new type of crime " with the stigma of crime removed (1934 Public Papers of Governor Herbert H. Lehman 345). Undoubtedly, a traffic infraction is not to be considered a misdemeanor for many purposes, but the Legislature has expressed its intent that so far as concerns the procedure of enforcing the traffic laws, " violations shall be deemed misdemeanors ". That is not merely true of the actual proceedings before the " courts and judicial officers ", for it would be " unreasonable to assume that the Legislature intended to have traffic infractions, as far as the procedure for their prosecution is concerned, treated as misdemeanors on the actual trial but otherwise in the necessary steps preceding trial." (*People* v. *Space*, 182 Misc. 783, 785.) We believe that the word " crime ", as employed in section 180 of the Code of Criminal Procedure, includes a " traffic infraction ". Such an interpretation

preserves the original meaning of the statute, and satisfies the later direction of the Legislature that so far as concerns enforcement of the traffic laws, "violations shall be deemed misdemeanors".

There is a further reason for arriving at the same conclusion. The requirement of section 180 that the cause of the arrest be stated is designed "to acquaint the person arrested of the cause of the arrest, not only that he may know whether he is bound to submit, but also that he may know what measures to take to regain his liberty." (*People* v. *Marendi*, 213 N. Y. 600, 610.) The statute was enacted for the benefit and protection of the person arrested. He is not entitled to be informed of the cause of the arrest, however, when he is apprehended "in the actual commission of a crime." The reason is that, in such case, he must know the cause of his detention, as plaintiff undoubtedly did in this case. If one arrested in the actual commission of a serious felony — and thereby surrounded with all of the safeguards with which the law traditionally protects persons accused of crime — need not be informed of the cause of his arrest, it would be ridiculous to confer such a right upon one detained for a mere traffic violation and much less in need of the statute's protection. Our duty is to construe section 180 so as to avoid such an anomaly.

The complaint must be dismissed.

For the foregoing reasons, I dissent and vote to reverse the judgment appealed from and for dismissal of the complaint.

All concur, except Vaughan and Van Duser, JJ., who dissent and vote for reversal and for dismissal of the complaint in an opinion by Vaughan, J., in which Van Duser, J., concurs. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Judgment affirmed, with costs.