Cyril J. Brown, J.
This is an appeal from an order of the Police Justice Court of the Village of Valley Stream denying defendant’s application in the nature of a writ of error coram nobis to vacate certain judgments convicting him of traffic infractions. Among other things the defendant contends that he was not advised of his right to the assistance of counsel prior to his pleas of guilt. In the decision of the court below on the motion in coram nobis it appears that he was not so advised.
Procedures in Courts of Special Sessions and Police Courts are governed by part V of the Code of Criminal Procedure (§ 699 et seq.). Title I of this part applies to the courts in counties other than New York and contains section 699 which provides in part as follows:
“ § 699. Magistrate to inform defendant of right to counsel; charge to be read to defendant, and he required to plead.
“ 1. In the cases in which the courts of special sessions or police courts have jurisdiction, when the defendant is brought before the magistrate, the magistrate must immediately inform him of the charge against him and of his right to the aid of counsel in every stage of the proceedings, and before any further proceedings are had.
“ 2. The magistrate must allow the defendant a reasonable time to send for counsel, and adjourn the proceedings for that purpose.”
Thus it is a statutory requirement that where Courts of Special Sessions and Police Justice Courts have jurisdiction, defendants appearing therein be advised of their right to be represented by counsel. In this case there is no question that the Police Justice had jurisdiction of the traffic infractions charged (Code Crim. Pro., § 56). Compliance therefore with the dictates of section 699 of the code was necessary upon the defendant’s appearance to answer.
This court is of the opinion that the rule laid down in Lea v. Macduff (205 Misc. 24) cited by the People, does not apply to the facts in the instant case. In that case the court based *784 its decision upon section 188 of the Code of Criminal Procedure which is found under part IV of the code and relates to criminal actions prosecuted by indictment. It does not appear that section 699 of the code was taken into consideration. The last-mentioned section deals specifically with matters appearing before Courts of Special Sessions and Police Justice Courts.
In view of the above the order is reversed, the judgments of conviction vacated, and a new trial ordered. Submit order.