Jacob Markowitz, J.
Defendant moves for dismissal of the complaint for insufficiency and upon the ground that the court lacks jurisdiction of the subject of the action. The plaintiffs allege that while they were driving on the New York State Thruway they were detained at the .command of the defendant with a show of indicia of .authority but in fact without authority as he was not at the time of .said detention a police or peace officer. The affidavit in support of the application for dismissal for lack of jurisdiction states that the defendant is the general manager and assistant, secretary-treasurer of the New York State Thru *953 way Authority with general administrative supervision of and executive authority over all other employees of the Authority and that in such capacity he exercises direction and control over the maintenance, construction and operation of the Thruway. Upon observing an improper use of the Thruway, he stopped and directed plaintiffs to wait until he radioed an officer who issued a summons. The matters thus related do not go to the jurisdiction of the court but to the merits of plaintiffs’ claim of arrest without authority. If the arrest was authorized and properly carried out then and only then the complaint must fall. The complaint is not against the State or against the defendant in his official capacity or as a peace officer, but as a private citizen.
Defendant argues he had the authority to arrest for a traffic infraction committed in his presence both as a private citizen and as an officer of the Thruway Authority. Claimed authority as an officer is rested on subdivisions 5 and 6 of section 354 of the Public Authorities Law which grant the Authority power to appoint officers, agents and employees and to make by-laws for its organization and internal management. It is argued that by nature of his position with the Authority defendant is also a peace officer acting as such on the occurrence of arrest, since by paragraph (a) of subdivision 1 of section 361, the Authority is empowered to promulgate rules and regulations with respect to the use of the Thruway. No reference is made anywhere with respect to such rules and regulations which, as stated before, would go to the merits rather than to the jurisdiction. Subdivision 2 of section 361 provides that enforcement shall be the duty of uniformed authority forces or State police and that violators shall be apprehended in the same manner as provided for apprehension of violators of the Vehicle and Traffic Law. However, arrests must be made by uniformed officers or, in the absence thereof, the arrest must be authorized as by a citizen arrest pursuant to sections 183, 184 and 185 of the Criminal Code.
A traffic infraction is deemed a misdemeanor for procedural purposes of arrest by a police officer when it is committed in his presence and such procedural provisions are applicable to traffic control under authority rules and regulations (Squadrito v. Griebsch, 1 N Y 2d 471; People v. Space, 182 Misc. 783; Vehicle and Traffic Law, § 2, subd. 29; Public Authorities Law, § 361, subd. 1, par. [c]). Although a private citizen under section 183 of the Criminal Code may arrest for a crime occurring or attempted in his presence, it is doubtful whether the infraction of making a U turn, like speeding, constitutes such a crime for *954 purposes of citizen arrest. The Squadrito decision does not necessarily lead to a contrary conclusion for the authority of police officers to enforce the law is not involved here. Independently of this, however, the defendant as. a private citizen must comply with section 185 of the Code of Criminal Procedure in delivering the transgressor to a peace officer .“ without unnecessary delay ”.
On the face of the complaint, sufficient facts are alleged, presenting an issue of fact as to the circumstances surrounding the claimed detention of the plaintiff driver and his passengers by the individual defendant. Accordingly, the motion in all respects is denied.