Milton A. Wiltse, J.
Defendant was convicted upon a charge of petit larceny after a plea of guilty thereto before Honorable James Y. La Rue, Judge of the City Court of Watertown, on July 27, 1956. From the judgment of conviction, he has appealed to this court. Although the moving papers do not specifically state the relief that is sought, upon oral argument of the same, it developed that the relief sought was a reversal of the judgment of conviction, discharge of the defendant, and a dismissal of the information.
G-rounds for the relief requested are that the defendant was not informed of his rights upon arraignment and before conviction and that he did not understand same or the nature of the charge against him; that the information upon which the defendant was charged is insufficient.
*800 There are some other specifications mentioned by counsel as a basis for appeal to this court that are mentioned in the affidavit of errors and defendant’s moving papers, but none is considered herein, other than those that are hereinabove set forth.
Upon a reading of the return that was filed by the City Court of Watertown, it appears: “ Information read by the Court. (By the Court) You are charged with stealing a horn ring from a Ford from the Massey Street Garage. You are entitled to counsel at any stage of these proceedings and before any further proceedings are had, to trial by jury, an adjournment, and to have bail fixed. How do you plead? Defendant: Guilty. The Court: I will defer sentence on you for one vteek.’’
The quotation above refers to grounds relied upon by the defendant with regard to his contention that he was not informed of his rights upon arraignment and before a conviction and that he did not understand same or the nature of the charge against him.
This contention appears to be clearly in line with a recent case determined by the Court of Appeals of the State of New York, which reversed a decision of this court, affirming a conviction in the City Court of Watertown, which was entitled People v. Marincic (2 N Y 2d 181).
In connection with the aforesaid citation, it was held that a deprivation of the right of a defendant to representation by counsel was effectuated when the defendant was not afforded a reasonable time within which to send for counsel and ask for an adjournment of the proceedings for that purpose, and that a plea of guilty should not be accepted without waiting for any reply to the instructions given by the court, even though formal statutory compliance with the Code of Criminal Procedure (§ 699) had been taken in respect thereto. To the same effect, see People v. Palmer (296 N. Y. 324).
An identical situation factually, is presented in the instant case and upon that ground alone, requires a reversal of the judgment of conviction. A reversal upon that ground alone would ordinarily require that a new trial be ordered to be held in the court wherein the prosecution was instituted.
However, here we are confronted with a further specification that requires a reversal of the judgment of conviction, discharge of the defendant and dismissal of the information.
That specification, as set forth above, is that the information upon which the defendant was charged is insufficient and does not state any crime.
*801 To briefly analyze the ground recited immediately above, it appears to be from the oral argument of counsel that the information is claimed to be insufficient because the City Court had no jurisdiction in the matter by reason of the information being defective to the extent that it must be considered a nullity.
The information was made by a police officer, upon information, without any supporting depositions, and without question, the alleged offense did not take place in his presence. Nothing in the record indicates that the information was made after the apprehension of the defendant.
Many authorities have held that an information made in such a matter, and in such a manner, is jurisdictionally defective; that the matter may be raised upon an appeal and that if jurisdictionally defective, the judgment of conviction is a nullity and must be reversed. (People v. Mezzatesta, 203 Misc. 253; People v. Dobbertin, 19 N. Y. S. 2d 333; Matter of Bennett, 258 App. Div. 368; People v. Bertram, 302 N. Y. 526; People ex rel. Perkins v. Moss, 187 N. Y. 410; People ex rel. Livingston v. Wyatt, 186 N. Y. 383.)
It is therefore determined that the judgment of conviction of the defendant should be reversed, the information dismissed and the defendant discharged and that any fine paid be remitted.
The District Attorney of this county is respectfully requested to prepare an order in accordance with the above, and to forward a copy of the same, after proper entry, to the counsel for the defendant and the Judge of the City Court of the City of Watertown.