Benjamin Gassman, J.
The defendant, charged with two speeding violations, pleaded guilty to both charges and was sentenced to pay a fine of $50 on each conviction or, in default thereof, to a term of 10 days imprisonment on each charge. It *696 appearing that he had a previous speeding conviction within 18 months, his license to operate a motor vehicle was revoked.
On this appeal, appellant urges that he was not properly warned under section 335-a of the Code of Criminal Procedure and that he was not advised of his rights under section 699 of the Code of Criminal Procedure. It is his contention, therefore, that the judgment entered on his guilty plea, should be reversed.
As to the first contention, the record indicates that the court below properly warned the defendant under section 335-a of the code. However, the second ground urged by the defendant has merit. Nowhere in the two-page record does it appear that the Magistrate advised the defendant of his rights, as required by section 699 of the Code of Criminal Procedure. The fact that the charges here involved are both traffic infractions does not change the rule.
Prior to the adoption of chapter 698 of the Laws of 1957, subdivision 29 of section 2 of the Vehicle and Traffic Law provided : “A‘ traffic infraction ’ is the violation of any provision of this chapter, or of any local law or ordinance governing or regulating traffic, where a penalty or other punishment is prescribed and which is not expressly declared by this chapter to be a misdemeanor or a felony. A traffic infraction is not a crime, and the penalty or punishment imposed therefor shall not be deemed a penal or criminal penalty or punishment, and shall not affect or impair the credibility as a witness, or otherwise, of any person convicted thereof * * * Courts and judicial officers heretofore exercising jurisdiction over such acts and violations as misdemeanors or otherwise shall continue to exercise jurisdiction over traffic infractions as herein defined, and for such purpose such acts and violations shall be deemed misdemeanors and all provisions of law relating to misdemeanors, except as herein otherwise expressly provided, shall apply to traffic infractions, except however, that no jury trial shall be allowed for traffic infractions ”. (Emphasis supplied.) Under the above provision, it was held that “ for the purpose of prosecuting such traffic infractions, the procedural rules for the trial of misdemeanors should be applicable ”. (People v. Propp, 172 Misc. 314, 316; see, also, Matter of Gross, 284 App. Div. 786; People v. Wilson, 168 N. Y. S. 2d, 391, 392.)
Accordingly, when a defendant was arraigned on a charge of violating the speed laws, the provisions of section 699 of the Code of Criminal Procedure had to be followed. In construing section 699 of the Code of Criminal Procedure, Judge Des.uoxd, speaking for the Court of Appeals in People v. Marincic (2 N Y 2d 181, 185) said: “at every arraignment, *697 whether on indictment or information, the defendant must be told of his right to counsel and of his right to an adjournment for the purpose of getting counsel and must be given a reasonable opportunity to ask for counsel and ask for an adjournment, all this before being forced to plead ’
However, in 1957, the Legislature enacted chapter 698 of the Laws of 1957, on the recommendation of the Joint Legislative Committee on Traffic Violations. It repealed the old subdivision 29 of section 2 of the Vehicle and Traffic Law and enacted in its place section 155, which contains the first part of the old section and then provides: ‘ ‘ Outside of cities having a population in excess of one million, courts and judicial officers heretofore having* jurisdiction over such violations shall continue to do so and for such purpose such violations shall be deemed misdemeanors and all provisions of law relating to misdemeanors except as provided in subdivision two of section three hundred thirty-five of the code of criminal procedure and except as herein otherwise expressly provided shall apply except that no jury trial shall be allowed for traffic infractions. In cities having a population in excess of one million, a city magistrate shall have exclusive jurisdiction to hear and determine any complaint alleging a violation constituting a traffic infraction. For purposes of arrest without a warrant, pursuant to section one hundred seventy-seven of the code of criminal procedure, a traffic infraction shall be deemed a crime ”. (Emphasis supplied.)
The principal change in the law* made by chapter 698, Laws of 1957 (eff. July 1, 1958) is that it makes a different provision for those who commit a traffic infraction in cities having a population under a million than for those who commit the same infraction in cities having a population in excess of one million. The same defendant is entitled to the warning under section 699 of the Code of Criminal Procedure, if he is caught speeding in Mount Vernon, but would not seem to be entitled to such warning if he commits the same speeding offense just across the Westchester-Bronx County line, if the new law is to be strictly construed. Under such strict construction, a defendant charged with littering* the street in Mount Vernon, for which he may be fined a dollar is entitled to the w*arning under section 699, while his brother, wdio is charged with being a “ scofflaw ” in Bronx County, which may subject him to large fines and long imprisonment, is deprived of such protection. We cannot conceive that the Legislature intended such discrimination based only on the place where the offense is committed. While we realize that the Legislature has a right to *698 enaet different laws affecting the smaller communities than those which affect the large cities, such right is limited to procedural regulations and not to substantive rights guaranteed to. all citizens alike. The right to such constitutional guarantees is preserved to all citizens of the State, he they “ right or wrong, truthful or lying, good citizens or bad ”. (People v. Richetti, 302 N. Y. 290, 295.) “ It has been held that criminal laws are not necessarily unconstitutional even if they hear unequally on persons in different parts of the State where the evil that the Legislature has in view exists only in the great cities and not in rural district. (People ex rel. Armstrong v. Warden, 183 N. Y. 223, 226; People ex rel. Kipnis v. McCann, 199 App. Div. 30, affd. 234 N. Y. 502.) But the discrimination herein eannot reasonably be construed as affecting an evil that exists only in one city of the State and has no existence in all other parts of the State ”, (Commissioner of Public Welfare [Martinez] v. Torres, 263 App. Div. 19, 22.)
Surely it eannot be said that traffic law violations are peculiar to Mg cities only, having a population in excess of one million inhabitants. It may he true that larger populations lend themselves to more traffic infractions, but it certainly is not true that conditions involving traffic infractions “have no existence in all other parts of the State”. Hence, the statute in question, which provides for rights to citizens in smaller cities, but denies them to citizens in larger cities, is in violation of section 1 of article I of the State Constitution which provides: “ No member of this State shall he * * * deprived of any of the rights or privileges secured to any citizen thereof.”
We therefore eendude that the deprivation of the right to the warning under section 699 of the Code of Criminal Procedure, if it be construed that section 155 of the Vehicle and Traffic Law provides for such deprivation, is discriminatory and unconstitutional.
We realize that hundreds of defendants appear in Traffic Court daily and that strict compliance with section 699 of the code would impose a tremendous burden on the already overworked City Magistrates presiding in that court. However, so long as section 699 of the code is on our statute books, it must be followed. The moment we begin to sacrifice fundamental rights in the interest of time-saving or expediency, we begin to whittle away at the safeguards to which, under our democratic processes, every person is entitled, “We should he extremely reluctant to burn the barn of legal safeguards however laudable the ultimate objective ”, (People v. Shapolsky, 8 A D 2d 122, 129.)
*699 The failure of the court below to advise the defendant of his rights under section 699 of the Code of Criminal Procedure nullified the proceedings taken on his plea of guilty and requires the reversal of the judgment. (People v. Marincic, supra; People v. Miller, 2 Misc 2d 782; People v. McBride, 202 Misc. 544; People v. Davis, 5 Misc 2d 799; People v. Berg, 200 Misc. 203; People v. Goldberg, N. Y. L. J. Sept. 23, 1959, p. 11, col. 7.)
The judgment appealed from should be reversed on the law and a new trial granted. The fines are ordered remitted.
Ringbl and Loscalzo, JJ. concur.
Judgment reversed, etc.