Anthony J. Di Giovanna, J.
This is an appeal from a judgment of conviction after trial for violation of section 1180 (subd. [b], par. 3) of the Vehicle and Traffic Law and from the sentence imposed. The result reached herein makes it unnecessary to review the facts constituting the traffic infraction. The principal point on appeal involves the question as to whether on the trial of a charge of speeding, which constitutes a traffic infraction (Vehicle and Traffic Law, § 155), it was the duty of the trial court to inform the defendant that he had a right to be represented by counsel.
The trial record shows that the defendant was given the advice required under section 335-a of the Code of Criminal Procedure but no mention was made concerning his right to employ counsel. The trial closed with a finding of guilt and sentence. The minutes, starting with page 8, show that about one hour later the defendant reappeared in the courtroom with an attorney who made an oral motion to the trial court to reconsider the conviction and the sentence. The motion was denied because of the failure of the defendant to have moved in accordance with rules requiring a written record. On page 9 of the minutes, which are not part of the trial minutes but constitute a record of colloquy between the court and an attorney made more than one hour after the trial was completed, the court said: “ I asked him if he had a lawyer; he said no; ‘ Do you want a lawyer? ’ He said, ‘ No.’ ” The minutes of the trial fail to reveal any statement by the court showing that the court had advised the defendant of right to counsel, but only a statement of rights under section 335-a of the Code of- *693 Criminal Procedure. The record clearly shows that the court did not advise defendant that he had a right to employ counsel.
The District Attorney relies upon People v. Felberbaum (9 N Y 2d 213 [1961]) as authority for the proposition that the defendant was not entitled to such advice. To fully understand the import of that case, it is necessary to consider the facts and opinion and order of the court below, from which the appeal was taken to the Court of Appeals (People v. Felberbaum, 22 Misc 2d 695 [Ct. of Spec. Sess. of City of N. Y., App. Part, 1st Dept., 1960]). A conviction had been had in a trial before a City Magistrate who had failed to advise defendant of right to counsel. In the first appeal it was urged that the appellant had not been advised of his right to counsel as required by section 699 of the Code of Criminal Procedure.
Subdivision 1 of section 699 reads as follows:
“ Part V — Of Proceedings in Courts of Special Sessions and Police Courts.
“ Title I — Of Proceedings in Courts of Special Sessions in the Counties Other Than New York. § 699. Magistrate to inform defendant of right to counsel; charge to be read to defendant, and he required to plead.
“1. In the cases in which the courts of special sessions or police courts have jurisdiction, when the defendant is brought before the magistrate, the magistrate must immediately inform him of the charge against him and of his right to the aid of counsel in every stage of the proceedings, and before any further proceedings are had.”
While this is part of title I of part V of the Code of Criminal Procedure which read as follows: “ Proceedings in Courts of Special Sessions in the Counties Other Than New York,” section 741 of title II, made it applicable to Courts of Special Sessions in the City of New York. It read as follows: “ Title II — Of the Proceedings in the Courts of Special Sessions in the City of New York. § 741. Courts of special sessions in the city of New York to proceed as prescribed in last title, except as otherwise specially provided. The courts of special sessions in the city of New York must proceed upon a criminal charge in the manner prescribed in the last title, except as provided in the next five sections, and as otherwise specially provided.” Judge Gassman of the Appellate Part of Court of-Special Sessions held (pp. 698, 699): “ the deprivation of the right to the warning under section 699 of the Code of Criminal Procedure * * * is discriminatory and unconstitutional. # # # ipke faille 0f the court below to advise the defend *694 ant of Ms rights under section 699 of the Code of Criminal Procedure nullified the proceedings taken on Ms plea of guilty and requires the reversal of. the judgment, ’ ’
In the Court of Appeals the order of Special Sessions was reversed solely on the basis that the Legislature had the right to limit the requirement that a City Magistrate must inform a defendant of his right to the aid of counsel only to counties other than those constituting the City of New York and it said (p. 215): “ The right to the warning required by section 699 of the Code of Criminal Procedure has not been extended by section 741, applicable only to Special Sessions Courts, to the cases of defendants arraigned in Magistrates’ Courts in the city,” It held, therefore, that the Legislature having the right to make different legislation for cities having a population of more than one million and cities having a population of lesser amount, section 699 was constitutional and did not violate the equal protection clause of the Fourteenth Amendment of the United States Constitution. But because sections 699 and 741 applied only to Courts of Special Sessions, they could not benefit a defendant brought before a City Magistrate for a traffic violation. The court said (pp. 215-216); “ The proposition that ‘ [d] ofendants brought before any court should be informed of their right to counsel ’ (1940 Report of N. Y. Law Rev. Comm, p, 95) is known to the Legislature as are the similar pronouncements of this court (e.g., People v. Marincic, 2 N Y 2d 181; People v. Banner, 5 N Y 2d 109). Regardless then of our belief that the distinction that a Magistrate sitting as such need not warn the defendant of his right to counsel, while he must if he is sitting as a Court of Special Sessions is hardly logical, we are thus compelled to concede that an alteration in the law can only be accomplished by the Legislature (Emphasis supplied.)
Since that decision, section 741 of the Code of Criminal Procedure was repealed by chapter 698 of the Laws of 1962. It would syllogistically follow that the repeal of section 741 eradicated even the requirement that a defendant in such cases before Special Sessions need not be advised of his right to counsel and that, consequently, the courts succeeding thereto are not required to give such advice, unless other provisions have been made therefor in the New YorJc City Criminal Court 'Act,
Section 41 of that act, entitled “Practice and Procedure,” provides in subdivision (1) as follows; “ All sections of the code of criminal procedure consistent with this act regulating cmd controlling the practice and procedure of the county courts *695 shall apply, as far as may be, to the practice and procedure in the court, and in each of the parts thereof, and shall regulate and control the practice and procedure of the court, insofar as its jurisdiction and organization will permit.”
Section 33 (subd. 10) defining “Miscellaneous Powers” states that the Judges shall have the power: “To exercise all the rights, privileges and powers and jurisdiction not inconsistent with this act, which on the thirty-first day of August, nineteen hundred sixty-two were by law vested in the then existing court of . special sessions of the city of New York and the then existing magistrates’ courts of the city of New York, and in the justices and magistrates thereof.”
Chapters 697 and 698 of the Laws of 1962 were enacted on April 24, 1962 to become effective September 1, 1962, after the People v. Felberbaum cases had been decided. Chapter 697 created the New York City Criminal Court Act. Nothing was expressly said therein concerning the right to advice of counsel. However, in a report entitled “ Practice and Procedure Changes under the Court Reorganization Acts,” written by Arthur H. Goldberg, counsel to the Joint Legislative Committee on Court Reorganization (McKinney’s Sess. Laws of N. Y., 1962, vol. 2, pp. 3687, 3691 et seq.), in discussing procedure in Part II of the report, it is stated as follows:
“ Trial will be before a single judge, without a jury, a three-judge panel being available in a separate part of the court, at the option of the defendant, the prosecutor or the court, in misdemeanor cases other than those relating to gambling (sec. 40).
“Prosecutions will be initiated by information and deposition (sec. 41), except that where trial is to be held in a three-judge part, a district attorney’s information is required (■sec. 42).
“In other respects, procedure in the new court will be substantially a continuance of present practice. Where the new act is silent the general provisions of the Code of Criminal Procedure will govern (sec. 41).” (Emphasis supplied.)
In Part V, Miscellaneous Powers, it is stated as follows: “The judges of the new court will have substantially the same powers as those of the justices of the Court of Special Sessions (New Act, sec. 33; Old Act, sec. 31).” (Emphasis supplied.) Nothing was specifically said about any duty respecting advice to defendants of right to counsel.
Part VI, entitled “ Conforming Amendments ” reads in part as follows: ‘ ‘ Chapter 698 in general makes necessary technical *696 conforming amendments. Some substantive changes are also made. ’ ’
Chapter 697 gave to the Appellate Divisions of the respective Departments the right to establish rules for the court. Such rules were adopted and promulgated by identical orders dated August 20, 1962 and effective September 1, 1962. Nowhere has any mention been made therein concerning this problem. Buie 6 of the Buies of the Criminal Court of the City of New York concerns itself with appearances by counsel and the form thereof, except that in part it. reads as follows: “ Fleas in traffic cases shall be received only from the defendant in person, or an attorney, appearing on his behalf and at his request, except ais provided in Buie X.” The latter only relates to the method of payments of fines.
Thus we are faced with the question as to whether section 41 of the New York City Criminal Court Act is the legislation recommended by the Court of Appeals in People v. Felberbaum (supra) as necessary if a defendant was to be afforded the advice of right to engage counsel.
Subdivision 10 of section 33, heretofore quoted, states that the Judges succeed to the rights, privileges and powers of the former Magistrates’ Courts “ to exercise all the rights, privileges, powers and jurisdiction not inconsistent with this act (Emphasis supplied.) Section 41, however, states: “All sections of the code of criminal procedure consistent with this act regulating and controlling the practice and procedure of the county courts shall apply, as far as may be, to the practice and procedure in the court, and in each of the parts thereof
Section 699 of the Code of Criminal Procedure is no longer, by its very terms, applicable to courts within the City of New York because section 741 has been repealed. Section 8 of the Code of Criminal Procedure reads: “In a criminal action the defendant is entitled * * * [t]o be allowed counsel as in civil actions, or he may appear and defend in person and with counsel ”.
Section 308 of the Code of Criminal Procedure requires the County Court to adhere to its rules and it says: “If the defendant appear for arraignment without counsel, he must be asked if he desire the aid of counsel, and if he does the court must assign counsel.”
Section 188 of the Code of Criminal Procedure requires a Magistrate to inform a defendant of his right to counsel. As I see it, the only logical conclusion is that the Legislature saw the light as suggested by the Court of Appeals in People v. Felberbaum (supra) and enacted section 41 of the New York *697 City Criminal Court Act so that the rights of defendants may be protected in that single court, the same as the rights of defendants in the County Courts within the State of New York.
I am not swayed by any suggestion that the business within the Criminal Courts within the City of New York is so vast that chaos may ensue if this decision be followed.
Judge G-assmau" in his opinion in People v. Felberbaum (22 Misc 2d 695) used words particularly applicable now (p. 698): “We realize that hundreds of defendants appear in Traffic Court daily and that strict compliance with section 699 of the code would impose a tremendous burden on the already overworked City Magistrates presiding in that court. However, so long as section 699 of the code is on our statute books, it must be followed. The moment we begin to sacrifice fundamental rights in the interest of time-saving or expediency, we begin to whittle away at the safeguards to which, under our democratic process, every person is entitled. ’ ’
While concededly section 699 is not applicable to the Criminal Court of the City of New York, section 41 of the New York City Criminal Court Act, as supplemented by sections 8, 188 and 308 of the Code of Criminal Procedure, is now applicable to this court.
The argument has been advanced that subdivision 10 of section 33 extends and continues the operation of 741 even though it has been repealed and consequently People v. Felberbaum (supra) continues to state the law. I cannot agree with this proposition and a reading of chapter 698 buttresses my conclusion.
About 28 sections of law were amended under chapter 698. Except for different wordings, each amendment substantially changed either the name “ Courts of Special Sessions within the City of New York ” and “ Magistrates’ Court ” to the words, “ the Criminal Court of the City of New York.” Yet the -Legislature repealed section .741 of the code. What was the purpose of such repeal?
Having been specifically repealed, we are constrained to look elsewhere for the duty previously devolving upon the Court of Special Sessions. Nothing would have prevented the Legislature from changing the words of section 741, to wit, “ The Courts of Special Sessions in the City of New York ” to the “ Criminal Court of the City of New York ” or to have limited the operation of that section and 699 to certain parts of the Criminal Court of the City of New York. That section 741 dealt with procedure was recognized in People v. Brown (153 *698 App. Div, 234). Not having continued 741 expressly, but having enacted section 41 of the New York City Criminal Court Act, which likewise pertains to ‘ ‘ practice and procedure, ’ ’ it follows that the Legislature intended only that the practice and procedure in the County Courts requiring advice to a defendant of his right to counsel must be included within the intention expressed in section 41, otherwise section 41 is without meaning or effect.
Although the contention is made that a speeding violation is not a crime but only a traffic infraction, it must be noted that not only does the code require the treatment of such a charge to be the same as that for a crime, but the effects thereof are exactly the same, except that the defendant is not to be labeled a criminal.
In Squadrito v, Griebsch (1 N Y 2d 471, 476-477), the court said: ‘ We may not simply say that a traffic infraction ’ is not a ‘ crime ’, and that is the end of the matter. We must look to the statute — subdivision 29 of section 2 of the Vehicle and Traffic Law- — which so declares and seek the object or purpose underlying that legislative pronouncement. It was, as the governor observed, when he approved the bill enacting .the provision of the law, to ‘ establish a new type of tirime, ’ with the stigma of criminality removed. (1934, Public Papers of Governor Herbert H. Lehman, p. 345.) Thus while certain of the consequences which attach to conviction of a crime were eliminated, the Legislature made it clear that such ‘ infractions ’ were to be ‘ deemed misdemeanors ’ for other purposes (Vehicle and Traffic Law, § 2, subd. 29) ”.
At pages 478-479: “Since the Legislature’s purpose in denominating a traffic law violation aninfraction ’ was solely to.prevent the offender’s being adjudged and treated as a ‘ criminal ’, it could hardly have intended results so unjust and disruptive of the orderly administration of the traffic laws * * ’ *. In sum, then, one in the actual perpetration of an offense, and it matters not whether it is a felony, a misdemeanor or the infraction of speeding, is aware of what he is doing, and to paraphrase section 180, as long as the peace officer apprehends him in its actual commission, he need not state the obvious and tell the offender the reason for the arrest.”
In Matter of Gross v. Macduff (284 -App. Div. 786, 789), the court said: “ Although the charge was a traffic infraction, not a crime, the procedural requirements relating to misdemeanors apply. (Vehicle and Traffic Law, § 2,-subd. 29.) Nevertheless we think that in the case of a traffic infraction an adult may waive the lack of his physical presence when he *699 was fully advised of all of his rights and the procedure followed was at his request, for his convenience, and in no way prejudiced him.”
In People v. Space (182 Misc. 783, 7-85) the court said: ” In this case the traffic infraction was committed in the presence of the officer. He had a right to make an arrest for a misdemeanor committed in his presence. He therefore had a right to make an arrest for a traffic infraction committed in his presence ’ ’.
Certainly, when the results of a conviction for speeding can result in the revocation of a license to operate an automobile, which could be the only mainstay for a living for the defendant, the consequences are great. If advice of counsel can assist in his defense, then he should be afforded the right thereto, and the court should be directed to advise him of his rights.
The fear that the courts will be overburdened is speculative. The vast number of those who appear, plead guilty and pay fines will still continue to do so in order to avoid the time-consuming appearance in the traffic parts of the court. The relatively few who plead not guilty will not so overburden the court as to make it unworkable.
Article 14-B of the General Municipal Law permits the establishment of a Traffic Violations Bureau to assist a court in the disposition of offenses in relation to traffic violations. Section 371 says: “ A traffic violations bureau so established may be authorized to dispose of violations of traffic laws, ordinances, rules and regulations when such offenses shall not constitute the. traffic infraction known as speeding or a misdemeanor or felony * * *. .Such traffic violations bureau shall not. be authorized to deprive a person of his right to counsel or to prevent him from exercising his right to appear in court to answer to, explain, or defend any charge or a violation of any traffic law, ordinance, rule or regulation.”
Ño one is compelled, even under present procedure, to plead guilty except that he voluntarily chooses to do so. I am not persuaded that an avalanche of more triable cases will result from a pronouncement that a defendant is entitled to engage counsel. He may, as now, continue to waive such right.
When the court advises a defendant with respect to his rights under section 335-a of the Code of Criminal Procedure it would amount to very little additional to add a clause advising him of his right to engage counsel.
For the reasons stated above, the conviction is reversed and a new trial ordered.