Henderson W. Morrison, J.
The defendant above named was arraigned before this court charged with a violation of section 1180 (subd. [b], par. 3) of the Vehicle and Traffic Law in that he was speeding at the rate of 83 miles per hour in a 50-mile zone. The form of the summons issued to the defendant by the police officer contained the following language printed in red ink: “A person charged with a violation is entitled to the aid of Counsel and to a reasonable adjournment to obtain Counsel.”
At the time of his arraignment, the defendant was advised of his rights pursuant to section 335-a of the Code of Criminal Procedure, and in addition was given the following advice by the *392 court: “ I wish to advise you of your right to the aid of Counsel at each and every stage of the proceeding and before any other proceedings are had. If you wish the aid of Counsel, you will be given a reasonable adjournment in order to afford you an opportunity to procure Counsel.”
Ño stenographic transcript was made of this statement by the court. The defendant pleaded guilty to the charge and was sentenced to three days in the county jail, fined $50 or five days in jail, and his license was suspended for 90 days.
The defendant heretofore moved this court for a writ of error coram nobis, asserting that he had not been advised of his right “ to employ Counsel.” That application was denied. The defendant now moves to reargue and raises the additional point that the court was in error in failing to advise the defendant that the court would assign counsel to him if he were unable to afford counsel.
The court does not subscribe to counsel’s argument that the case of People v. Kohler (45 Misc 2d 692) is authority for the proposition that the court must advise the defendant of a right to ‘ ‘ employ ’ ’ counsel in addition to advising him of his right to the “ aid ” of counsel, etc., as prescribed in subdivision 1 of section 699 of the Code of Criminal Procedure. In the opinion of this court, the Kohler case does not attempt to draw a distinction between these terms, but holds that a defendant is entitled to be advised as to his right to the aid of counsel in a case involving a traffic infraction as well as in any other criminal case, and in that case, the defendant was not so advised.
At the time of its decision on the original application herein for a writ of error coram nobis, this court did not have before it the decision of the Court of Appeals in People v. Witenski (15 N Y 2d 392) decided April 22,1965, now cited by counsel.
The dissenting opinion of Judge Bergan in that case expressed the fear that a requirement that a Court of Special Sessions inform a defendant charged with a misdemeanor, not only that he has the right to the aid of counsel but also “ as to the availability of assigned counsel * * * would be unworkable without extensive implementation which, in turn, ought to be in the form of statutory enactment, and perhaps also be accompanied by an appropriation of public money ” (p. 398).
The majority opinion asserts that this fear is not well grounded and cites the facts that ‘ ‘ there are about 54,000 registered lawyers in this State, or one lawyer for every 300 inhabitants.” In the case at bar, the defendant seeks to extend the doctrine of the Witenski case to traffic infractions as well as misdemeanors.
*393 It is significant that the Legislature of this State has felt that the fears of the dissenting Judges in the Witenski case (supra) were in fact sufficiently well grounded as to cause it to enact chapter 878 of the Laws of 1965 (eff. Dec. 1, 1965), in an effort to set up some machinery to carry out the mandate to provide counsel to persons charged with a crime who are unable to afford it. This act of the Legislature provides for a plan of limited compensation to counsel designated to represent the indigent accused and makes the expenses thereof a county charge.
A large percentage of the Bar of this State have had little or no practice or experience in the field of criminal law. The problems not only of finding experienced and available counsel but of investigating and ascertaining whether those claiming to be indigent are so in fact cannot be lightly dismissed. The task of screening applicants and providing assigned counsel for all who ask it in both misdemeanor and felony cases can and is likely to become an enormous case. We are now committed to this task.
It is of particular significance that the courts of this State have in the past refused to draw a distinction with respect to the procedures to be followed in cases involving “ traffic infractions ” and those involving “ misdemeanors and felonies ” and have held in substance that the Code of Criminal Procedure requires that the same treatment be accorded those charged with a traffic infraction that is accorded those charged with a crime, except that in the former case the defendant is not to be labeled a criminal (People v. Kohler, supra, p. 698; People v. Fiore, 9 Misc 2d 468). Nevertheless, the Legislature in its enactment of chapter 878 of the Laws of 1965 has in fact drawn that very distinction in its effort to establish the machinery to carry out the mandate of the Witenski case now cited by counsel. This act amends the County Law so as to define a crime within the meaning of this chapter, requiring the appropriate advice and assignment of counsel to the indigent as follows: “ § 722-a. Definition of crime. For the purposes of this article, the term ‘ crime ’ shall mean a felony, misdemeanor, or the breach of any law of this state or of any law, local law or ordinance of a political subdivision of this state, other than one that defines a ‘ traffic infraction,’ for which a sentence to a term of imprisonment is authorized upon conviction thereof. ’ ’ (Italics supplied.)
Inasmuch as the Legislature in treating this very subject has seen fit to expressly exclude traffic infractions from the benefit of this act, it would not only be contrary to the express legislative intent for this court to extend the application of the *394 Witenshi doctrine but in addition would impose upon the Bar and the courts of this State a burden far greater than that sought to be remedied by the foregoing legislation. Were the Traffic Courts of this State required to advise every defendant charged with a simple traffic infraction that if indigent he had a right to assigned counsel and then were required to find, assign, examine and investigate as to indigency, the situation would become chaotic in short order.
It might also be noted that nowhere in the moving papers herein is there any claim by this defendant that he was in fact indigent or that he was unable to afford counsel of his own choosing. The application to reargue is granted, and upon reargument, the original decision of this court denying the writ of error coram nobis is adhered to.