In the Matter of the Application of FRANK F. BENNETT for a Writ of Habeas Corpus to Inquire into the Cause of His Detention. THE PEOPLE OF THE STATE OF NEW YORK, Appellant; FRANK F. BENNETT, Respondent.

Third Department, January 10, 1940.

*LaFayette W. Argetsinger, Jr., District Attorney of Schuyler County [Henry Valent of counsel], for the appellant.*

*Casson, Hoover & Stein,* for the respondent.

FOSTER, J. Appeal from an order sustaining a writ of habeas corpus and directing the discharge of petitioner. He was arrested under a warrant upon a charge of driving an automobile while intoxicated, in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law. Upon arraignment petitioner pleaded not guilty and furnished bail. Later he demanded and received the return of the bail and was thereupon committed to jail to await trial. He then petitioned the County Court for a writ of habeas corpus, and in that proceeding it was held that the information charging the alleged offense was based entirely upon information and belief, unsupported by depositions, and, therefore, insufficient to confer jurisdiction on the magistrate to issue the warrant.

A copy of the information and warrant issued thereunder is contained in the record and annexed to the petition for a writ. The original information was signed and sworn to by a sergeant of the New York State Police. The part thereof that is pertinent to this inquiry reads as follows: " That one Frank Bennett, on the 23 day of June, 1939, at the Village of Montour, in the Town of Montour, County of Schuyler, N. Y., at about 9:30 o'clock in the Afternoon of said day, did commit the crime of Misdm in violation of Article 5 Section 70, Paragraph 5 of the Vehicle Traffic Law of the State of New York by wrongfully, unlawfully, wilfully and knowingly did operate a Ford Coach, License Number 4J 303 N. Y. upon a Public road in an Intoxicated Condition. And did run said car into the Railroad blinker of the Penn. Railroad. Head on. Causing injuries to a Passenger in said car one Judson Townsend. Said Frank Bennett was picked up in a roadster car and taken from the place of Accident by some unknown party. This information is made on interview with Judson Townsend who stated that he left his car at the home of Frank Bennett. And that he was riding with Frank Bennett in his car all the night while they were drinking together at different places. Wherefore your informant prays that the depositions of informant and Trooper Robert Winkky, Louis Yost, witnesses, may be reduced to writing and duly subscribed, and that a warrant issue for the arrest of said accused, and that he be dealt with pursuant to the provisions of the Code of Criminal Procedure."

The record contains no deposition other than the information itself, if that may be called a deposition. The briefed question is whether such information was sufficient to confer jurisdiction upon the justice of the peace to issue the warrant.

An information is defined by statute as " the allegation made to a magistrate, that a person has been guilty of some designated crime." (Code Crim. Proc. § 145.) The statute is silent as to whether it must be made under oath, but judicial construction has supplied the omission, and so decreed. (*People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383.)

The Code of Criminal Procedure provides further that after the information is laid before the magistrate he " must examine on oath the informant or prosecutor, and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them." (§ 148.) Depositions " must set forth the facts stated by the prosecutor and his witnesses, tending to establish the commission of the crime and the guilt of the defendant." (§ 149.) If the magistrate is satisfied "*from such depositions* " that the crime complained of has been committed, and that there are reasonable grounds to believe that the defendant has committed it, he may under certain circumstances issue a summons or a warrant, and under other circumstances he must issue a warrant. (§ 150.) In either case it is from the depositions that his mind must be satisfied, and the depositions must allege facts.

Less is required of an information than of a deposition. The former is merely an accusation, while the latter must set forth facts upon which the accusation is based. Some confusion has arisen because frequently an affidavit taken before a magistrate has been used to perform both the functions of an information and a deposition, and it is undoubtedly true that both may be contained in the same instrument if drawn with sufficient particularity. (*People ex rel. Livingston* v. *Wyatt, supra.*)

However, if such a course is adopted the instrument used to confer jurisdiction must conform to both the requirements of an information and a deposition. A complaint which furnishes no legal evidence whatever of the commission of a crime by the person charged is insufficient upon which to base the issuance of a warrant (*People ex rel. Perkins* v. *Moss,* 187 N. Y. 410; *Tanzer* v. *Breen,* 139 App. Div. 10), and should, if it is to be used for such purpose, be supported by depositions as defined by statute. (*People ex rel. Brown* v. *Tighe,* 146 App. Div. 491.)

This is not to say that a combined information and deposition cannot be made upon information and belief. It may be so made providing the sources of the information and the grounds of the belief are given. But even in such a case it must set forth facts and circumstances tending to show that a crime has been committed, and that there are reasonable grounds to believe that the defendant has committed it. Allegations made purely upon hearsay do not

meet the test. A statement upon hearsay is not a statement of fact, and cannot be considered legal evidence sufficient to require a defendant to answer.

In this case the information was apparently considered by the magistrate as a deposition also, because solely upon it he issued a warrant. As an information it was sufficient to warrant the magistrate to inquire further and to take depositions, and to subpœna witnesses, if necessary, for that purpose. As a deposition it was totally defective because it was based entirely upon hearsay and furnished no legal evidence whatever that a crime had been committed. The magistrate could not have been legally satisfied of facts tending to establish the commission of a crime, and the probable guilt of the accused, from a simple hearsay statement.

The fact that petitioner might have been arrested without a warrant is of no significance. The question must be adjudged in the light of the procedure followed, and in any event a sufficient deposition was required before the magistrate was authorized to commit petitioner.

I recommend affirmance.

HILL, P. J., CRAPSER, BLISS and SCHENCK, JJ., concur.

Order sustaining writ of habeas corpus affirmed, with fifty dollars costs and disbursements.