THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
ANTHONY BERTRAM, Appellant.

Argued March 9, 1951; Decided July 11, 1951.

*Ward R. Whipple* for appellant.   I. Because the information
was defective, Special Sessions had no jurisdiction and the
warrant of arrest, arraignment, trial and conviction were void.
An information placed before a justice of the peace is the
foundation on which his jurisdiction rests and performs the
function of an indictment in a court of record.   (Code Crim.
Pro., §§ 145–151; *People* v. *Sas,* 172 Misc. 845; *People ex rel.
Brown* v. *Tighe,* 146 App. Div. 491; *Tanzer* v. *Morgan,* 139 App.
Div. 10, 203 N. Y. 614.)   II. The information was defective
because it was based on hearsay and because no depositions were
taken in support of it.   (*People ex rel. Livingston* v. *Wyatt,* 186
N. Y. 383; *People* v. *Taylor,* 159 Misc. 536; *People* v. *Gade,*
6 N. Y. S. 2d 1018.)   III. The State Constitution (art. I, § 12)
and Civil Rights Law (§ 8), both of which provide that "no
warrants shall (can) issue, but upon probable cause, supported

by oath or affirmation '', prevent an information being based on hearsay. (*Matter of Blum,* 9 Misc. 571.) IV. This is a case of complete lack of jurisdiction of the court. It is more than '' technical errors or defects which have not prejudiced the substantial rights of the defendants '' which the County Court was entitled to disregard on appeal under section 764 of the Code of Criminal Procedure. (*People* v. *Williams,* 135 Misc. 564.) V. The words '' *unnecessarily* interferes '' and '' *unnecessarily endangers* '' in the first paragraph of section 45 of the Navigation Law are too vague and indefinite to inform citizens what acts are made a crime and therefore this statute violates the due process clauses of both the United States and New York Constitutions. (*People* v. *Grogan,* 260 N. Y. 138.)

*George D. Newton, District Attorney,* for respondent. I. The information was sufficient. (*People* v. *Stepski,* 174 Misc. 1080; *People* v. *Resciniti,* 191 Misc. 719.) II. Section 45 of the Navigation Law is constitutional.

LOUGHRAN, Ch. J. By leave of a Judge of this court, the defendant appeals from an order of the County Court of Livingston County which affirmed a decision of a Justice of the Peace of the Town of Geneseo whereby the defendant was found guilty of failure to navigate a vessel in a careful and prudent manner contrary to paragraph one of section 45 of the Navigation Law. A fine of $50 was imposed.

The information filed against the defendant reads as follows: '' State of New York,

County of Livingston,　ss: Anthony Bertram

town of Geneseo,

'' BE IT REMEMBERED that I, Richard Schwan a peace officer of the State of New York, to wit: a Deputy Sheriff of Livingston County at Dansville, N. Y., now come before Mark F. Welch, Esq., a Justice of the Peace of Geneseo, in the County of Livingston, N. Y., and give information under oath as follows: and upon information and belief, said belief deriving from statement made by Ernest Day and Frederick Dale.

'' That one Anthony Bertram, on the 12th day of August 1950, at Conesus Lake, in the town of Geneseo, County of Livingston, N. Y., at about Eleven o'clock in the afternoon of said day, did commit the crime of reckless navigation of a vessel in violation

of Article 4 Section 45 Paragraph 1 of the Navigation Law of the State of New York by wrongfully, unlawfully, and knowingly operating a vessel in a manner which unnecessarily interfered with the free and proper use of the navigable waters of the state and unnecessarily endangered the life and limb of Ernest Day and Frederick Dale, in that the said Anthony Bertram at the aforesaid time and place operated a speed boat at a rate of speed in excess of 25 m.p.h. in the immediate proximity of several row boats and struck the boat occupied by Frederick M. Dale and Ernest M. Day.

" WHEREFORE your informant prays that the depositions of Frederick Dale and Ernest Day witnesses, may be reduced to writing and duly subscribed, and that a warrant issue for the arrest of said accused, and that he be dealt with pursuant to the provisions of the Code of Criminal Procedure.

RICHARD SCHWAN

Informant

" Sworn to before me, this
14th day of August 1950
MARK F. WELCH
Justice of the Peace."

Annexed to the foregoing information was a written statement by Frederick M. Dale to which Ernest Day had added these words: " I, Ernest Day, have also read the above statement of Frederick M. Dale, and it is all true to the best of my knowledge and belief." Two other persons then affixed their names to the same writing in this fashion. " Roy A. Carlson, Deputy Sheriff ". " Richard Schwan, Deputy Sheriff ".

In short, the foregoing information was sworn to by Deputy Sheriff Richard Schwan, but it was based solely upon a written statement of Dale and Day and that statement was not sworn to by either of them or by anybody else. Nor was there any examination of either Dale or Day by the police justice who issued the warrant upon which the defendant was arrested. When he was arraigned, his counsel said: " I move to dismiss the information on the ground that the information is on information and belief, and the belief is derived from a statement made by Ernest Day and Frederick Dale, and attached to the information signed by Richard Schwan is a typewritten state-

ment signed by Frederick M. Dale and Ernest M. Day but the typewritten statement is not sworn to but is witnessed by Roy A. Carlson, Deputy Sheriff, and Richard Schwan, Deputy Sheriff. Mr. Schwan is present in the courtroom and has told me informally that he is not a Notary Public nor a Commissioner of Deeds and that he signed, as did Roy A. Carlson, as witnesses and it is my understanding that Mr. Schwan said that the statement was not sworn to before him. I move to dismiss the information because it is not sworn to of personal knowledge.''

Again at the close of the case, counsel for the defendant said: '' I move to dismiss the information because it is based on hearsay and based on an unsworn to statement of Frederick M. Dale and Ernest M. Day.'' Both motions were denied and exceptions to the denial thereof were taken. These exceptions, we think, are valid (see *People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383; *People ex rel. Perkins* v. *Moss,* 187 N. Y. 410; *Blodgett* v. *Race,* 18 Hun 132; *People ex rel. Brown* v. *Tighe,* 146 App. Div. 491; *People ex rel. Travis* v. *Knott,* 204 App. Div. 379, 383; *Matter of Bennett,* 258 App. Div. 368). As the cited cases show, our Code of Criminal Procedure required something more than mere hearsay as the basis for issuance of the warrant of arrest herein. (Cf. *People* v. *Belcher,* 302 N. Y. 529, decided herewith.)

Hence the judgments should be reversed and the information dismissed.

LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgments reversed, etc.