THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* WILBUR L. BELCHER, Respondent.

Argued April 11, 1951; decided July 11, 1951.

*Frank A. Gulotta, District Attorney* (*Philip Huntington* and *Henry P. De Vine* of counsel), for appellant. I. The evidence is sufficient to establish the guilt of defendant as a matter of law. II. The information was sufficient and the court had jurisdiction both of defendant and the crime charged. (*People* v. *Smith,* 86 Hun 485; *People* v. *Costello,* 182 App. Div. 341; *People* v. *Markowitz,* 119 App. Div. 841; *People* v. *Ostrosky,* 95 Misc. 104; *People* v. *Giordano,* 114 Misc. 62, 231 N. Y. 633; *People* v. *Shaver,* 37 App. Div. 21; *People* v. *Cuatt,* 70 Misc. 453.) III. The arrest of defendant was actually legal under subdivision 5-c of section 70 of the Vehicle and Traffic Law; the information being on its face valid and sufficient and the record showing that the police officer in fact had " reasonable cause to believe that the violation was committed " by defendant, there was no valid ground or basis for defendant's objection to proceeding with the trial, and the objection was properly overruled. (*People* v. *Cuatt,* 70 Misc. 453; *People* v. *Mullen,* 66 Misc. 476; *People* v. *Costello,* 182 App. Div. 341.) IV. The constitutional and legal provisions which preclude the prosecution of a defendant upon an indictment which is based on hearsay evidence do not apply to the prosecution of a defendant for a misdemeanor in a court of special sessions which has original jurisdiction to hear and determine. (*People* v. *Bellinger,* 269 N. Y. 265; *People* v. *Peterson,* 145 Misc. 324.) V. Such procedure does not violate any other legal right of defendant. (*City of Buffalo* v. *Murphy,* 228 App. Div. 279; *People* v. *Carter,* 88 Hun 304; *People* v. *Park,* 92 Misc. 369; *People* v. *Grogan,* 260 N. Y. 138; *People* v. *Fitzgerald,* 101 Misc. 695; *People* v. *Nitzberg,* 289 N. Y. 523.)

*David R. Siegel* and *Thomas R. Fay* for respondent. The information was fatally defective, and the reversal, as a matter of law, of the judgment of conviction and dismissal of the infor-

mation by the Nassau County Court were in all respects proper. (*People* v. *Taylor,* 159 Misc. 536; *People* v. *Menzel,* 148 Misc. 916; *People* v. *Dobbertin,* 19 N. Y. S. 2d 333; *People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383; *People ex rel. Brown* v. *Tighe,* 146 App. Div. 491; *Matter of Bennett,* 258 App. Div. 368; *People* v. *Angel,* 96 N. Y. S. 2d 384; *Bookman* v. *Stegman,* 105 N. Y. 621; *Alber* v. *Harris,* 126 App. Div. 504.)

FULD, J. In *People* v. *Bertram* (302 N. Y. 526), also decided today, we passed upon the sufficiency of an information, filed in a court of special sessions outside of the city of New York, charging the commission of a misdemeanor, where the information served as a predicate for a warrant of arrest as well as a pleading for the trial. We held such an information defective when alleged to be on information and belief and when actually founded upon mere hearsay, if supporting depositions under oath are not furnished. The present case, on the other hand, involves the sufficiency of an information employed solely as a basis for trial on a misdemeanor charge in such a court, the defendant having previously been lawfully arrested without a warrant.

On the evening of December 10, 1949, defendant's automobile, which was proceeding in a westerly direction on a public highway in Nassau County, veered and swung over into the eastbound traffic lane and collided head on with a car proceeding east. Patrolman George Kohler and another police officer arrived at the scene some ten minutes later and found both cars badly damaged in the eastbound lane. Defendant stood a few feet from his own automobile. Officer Kohler spoke to him and to the driver of the other car. On the strength of his conclusions, based upon defendant's admission that he had been driving his car and upon the smell of alcohol on his breath, his thick and incoherent speech and his unsteady and staggering gait, Kohler placed defendant under arrest, charging him with driving while intoxicated. At the police station, defendant acknowledged that he had been drinking beer since early that afternoon.

On the following morning, December 11, the officer signed and swore to the information charging that defendant on December 10, 1949, violated the provisions of subdivision 5

of section 70 of the Vehicle and Traffic Law, in that he "did operate a 1941 Plymouth sedan * * * in a westerly direction along Atlantic Avenue, Oceanside, Town of Hempstead, a public highway * * * while in an intoxicated condition and unfit to operate a motor vehicle." No warrant of arrest was sought or requested, and none was necessary in view of defendant's unquestionably lawful arrest on the previous evening. (Vehicle and Traffic Law, § 70, subd. 5-c.) The trial was held in Nassau County before a district judge, sitting as a court of special sessions, and a jury. Following the arraignment, the case was adjourned for several months, and, upon the adjourned date, after a jury had been impaneled but before any testimony had been taken, defendant moved to dismiss the information. It was urged that the facts recited were not within the personal knowledge of the informant officer and that, by reason thereof, the information failed to meet the demands of sections 148 and 149 of the Code of Criminal Procedure. The motion was denied, and the trial, proceeding to a conclusion, resulted in a verdict of guilt.

Upon appeal to the County Court of Nassau County, the findings of fact implicit in the verdict were affirmed, but the conviction was reversed on the law and the information dismissed as defective upon the ground that it rested " upon information and belief ". The appeal by the People is here by permission of a judge of this court.

In misdemeanor cases prosecuted in courts of special sessions outside of New York City, the same information often serves both as the basis for the issuance of the warrant upon which the defendant is arrested and as the pleading on which the defendant is thereafter tried. Where an information is employed to obtain a warrant of arrest, it may not rest on hearsay, but must set forth — or be supported by one or more depositions setting forth — facts, stated under oath by a person competent to testify about them, or other proper evidence, tending to show the commission of a crime and the defendant's probable guilt. (See Code Crim. Pro., §§ 148–150; see, also, *People ex rel. Perkins* v. *Moss,* 187 N. Y. 410; *People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383, 390–391.) If, in such a case, the information is based solely on inadmissible hearsay, the defendant

is entitled to a dismissal of the proceeding. (See *People* v. *Bertram, supra,* 302 N. Y. 526; *People* v. *Smith,* 266 App. Div. 57; *Matter of Bennett,* 258 App. Div. 368.) The situation is different, however, where, as here, the trial court acquired jurisdiction of the person of the defendant by a valid arrest, lawfully made without a warrant. The information then serves only the function of a pleading — at least where no question is raised as to the authority of the court to commit the defendant pending trial on the basis of the information. (Cf. *People ex rel. Farley* v. *Crane,* 94 App. Div. 397.)

There is no explicit constitutional or statutory requirement that the information, when so utilized, be sworn to by a person competent to testify to the facts recited. Whether such a requirement is nevertheless to be enforced, by analogy, upon considerations of policy (cf. *People ex rel. de Martini* v. *McLaughlin,* 243 N. Y. 417, 419), or by reference to the English common law governing informations (see Clark, Handbook of Criminal Procedure [1895], pp. 128–129; Bishop, New Criminal Procedure [4th ed., 1895], p. 427; cf. *Albrecht* v. *United States,* 273 U. S. 1, 5–8; *Weeks* v. *United States,* 216 F. 292, 297, certiorari denied 235 U. S. 697), or whether, on the other hand, the requisites for an information as a pleading are to be no more stringent than those for an indictment as a pleading, is an open quesion in this court. It was not presented in *People* v. *Brous* (296 N. Y. 1028) — the objection to the information in that case having been waived — and we find it unnecessary to decide it here, since the information is not one based upon inadmissible hearsay or otherwise incompetent evidence.

The crime charged was that defendant was driving an automobile while intoxicated. The police officer arrived at the scene of the accident shortly after it had occurred. That defendant's car had been involved in an accident and that he had operated it brooked of no doubt, for the car was there to be seen and defendant acknowledged that he had been driving it. Defendant was standing by the vehicle and his demeanor and actions were of such character as to establish that he was intoxicated and not in any fit condition to drive. Quite clearly, the facts stated by the officer in the information, founded as they were in part upon his personal observations and in part upon defend-

ant's own admission to him, represented, not inadmissible hearsay, but evidence which he was competent to give as a witness upon the trial (see *People* v. *Bretagna*, 298 N. Y. 323), sufficient in and of itself to establish primà facie each of the essential elements of the crimé charged against defendant and to support his conviction. That being so, it would be highly unreasonable and illogical to say that he was one whit less competent to rely upon those facts in signing the information. Since, then, the information was based upon requisite '' legal evidence '', pointing the commission of the crime and defendant's probable guilt (*People ex rel. Perkins* v. *Moss, supra,* 187 N. Y. 410, 418), no further deposition was called for and the officer was not required to particularize the evidence on which he relied or to indicate that one item consisted of an admission from defendant. (Cf. *Commonwealth* v. *Mallini,* 214 Pa. 50.)

The order of the County Court should be reversed and the judgment of the Court of Special Sessions convicting defendant of a violation of subdivision 5 of section 70 of the Vehicle and Traffic Law should be affirmed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FROESSEL, JJ., concur.

Order reversed, etc.