THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH MEZZATESTA, JR., Appellant.

County Court, Jefferson County, July 25, 1952.

*Charles R. Rinaldo* and *W. H. Reiley* for appellant.

*Milton A. Wiltse, District Attorney (A. G. Saunders* of counsel), for respondent.

HUDSON, J. The defendant has appealed from a judgment of conviction rendered in the Justice Court of the Town of Cape Vincent, Jefferson County, New York, by Hon. HUBERT JOHNSON, Justice of said court, on October 29, 1951. Upon the appeal, he questions only the sufficiency of the information upon which he was arrested and put on trial. He made timely objection by motion to dismiss the information for insufficiency at the opening of the trial and again at the close of both the People's and defendant's case.

The information was made by a deputy sheriff and alleged in substance, that the defendant violated section 58 of the Vehicle and Traffic Law defining reckless driving, in that he operated and drove an automobile in such a dangerous and reckless manner as to cause the death of one David A. Webster. The information, while not being stated to be upon information and belief, was stated to be based upon complainant's investiga-

tions as deputy sheriff of Jefferson County; upon statements made to him by occupants of the Mezzatesta car, and upon admissions made to him by the said defendant.

The information constitutes the only written charge upon which the warrant of arrest was issued or upon which the defendant was put on trial. There were no depositions and no witnesses were sworn by the Justice to form a basis for issuing the warrant. The defendant was tried by a jury and found guilty of reckless driving. He was sentenced to pay a fine of $100 or be imprisoned in the Jefferson County jail until said fine was paid, not exceeding thirty days. The fine was paid.

The Code of Criminal Procedure contemplates a written information upon which the magistrate before whom it is laid may examine witnesses, take depositions, and from which he must be satisfied that a crime was committed and that there are reasonable grounds to believe the defendant committed it before he should issue a warrant of arrest.

Section 145 of the Code of Criminal Procedure provides as follows: " The information is the allegation made to a magistrate, that a person has been guilty of some designated crime."

Section 148 of the Code of Criminal Procedure provides as follows: " When an information is laid before a magistrate, of the commission of a crime, he must examine on oath the informant or prosecutor, and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them."

Section 149 of the Code of Criminal Procedure provides as follows: " The depositions must set forth the facts stated by the prosecutor and his witnesses, tending to establish the commission of the crime and the guilt of the defendant."

Section 150 of the Code of Criminal Procedure provides as follows: " 2. If the magistrate be satisfied from such depositions that the crime complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it, and if the case is one that does not come within the provisions of subdivision one of this section, he must issue a warrant of arrest."

The statute therefore contemplates an information and one or more depositions. The two, however, may be combined if the affidavit made before the magistrate is complete enough to fulfill the functions of both an information and a deposition, and sets forth facts sufficient to justify the issuance of a warrant without further evidence. (*People* v. *Belcher,* 302 N. Y. 529, 533.)

If, however, the information is made solely on information and belief or based solely on hearsay the defendant is entitled to a dismissal of the proceedings. (*People* v. *Bertram,* 302 N. Y. 526; *People* v. *Belcher,* 302 N. Y. 529, 533, *supra; People* v. *Smith,* 266 App. Div. 57; *Matter of Bennett,* 258 App. Div. 368; *People* v. *Dobbertin,* 19 N. Y. S. 2d 333.)

The information in the present case insofar as it indicates the knowledge of Deputy Sheriff Sprague reads as follows: " Deponent bases this information upon his investigations as a Deputy Sheriff of Jefferson County; upon statements made to him by occupants of the Mezzatesta car to the above effect, and upon admissions made to him by the said defendant, among said admissions being a statement that he was traveling at least at the rate of seventy miles per hour, all of these investigations, statements and admissions substantially revealing the foregoing."

A careful examination of it indicates that it is based on three separate grounds.

First: On the complainant's investigations as a deputy sheriff of Jefferson County.

Second: Upon statements made to him by occupants of the Mezzatesta car.

Third: Upon admissions made to him by this defendant among said admissions being a statement that he was traveling at least at the rate of seventy miles per hour.

While the information is not made upon information and belief, it is nevertheless as far as the second ground is concerned, completely on information and belief and based on inadmissible hearsay and could not form the basis for the issuance of a warrant. (*People* v. *Bertram, supra; People* v. *Belcher, supra; People* v. *Dobbertin, supra.*)

As far as the first ground is concerned there is nothing in the information which indicates what the deputy's investigations revealed. The Justice could not possibly have knowledge of any facts from that statement from which he could be satisfied that a crime had been committed. (*Matter of Bennett,* 258 App. Div. 368, *supra.*)

The People urge in their brief that the deputy sheriff had knowledge from his observations of numerous conditions at the scene of the accident of facts which indicated defendant's guilt.

Deputy Sprague, however, failed to set out in the information what his observations were. The Justice could tell nothing from such a statement.

At best they were conclusions of the complainant and as such would not form a sufficient basis for issuance of a warrant.

It is essential that the magistrate be satisfied that the facts set out by the complainant constitute the crime charged. In support of the first ground, no facts at all were set forth. (*People* v. *Dobbertin, supra.*)

The People's reference to what the deputy observed could only have been brought out at the trial. We are not concerned here with facts brought out in the trial. In *Matter of Bennett* (258 App. Div. 368, *supra*) at page 371 the court stated: " The question must be adjudged in the light of the procedure followed, and in any event a sufficient deposition was required before the magistrate was authorized to commit ".

*People* v. *Dobbertin* (*supra*) was decided by the County Court, Monroe County. It is almost identical both as to the facts and the law with the case on appeal.

We therefore come to the third ground. The deputy stated that the defendant made certain admissions to him among others that he was traveling at least seventy miles an hour. That is the only admission set out in the information.

The crime of reckless driving is defined in section 58 of the Vehicle and Traffic Law as follows: " Reckless driving shall mean driving or using any motor vehicle, motor cycle or any other vehicle propelled by any power other than muscular power or any appliance or accessory thereof in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway. Reckless driving is prohibited. Every person violating this provision shall be guilty of a misdemeanor."

Driving at a high rate of speed does not in itself constitute reckless driving. (*People* v. *Grogan,* 260 N. Y. 138, 144; *Matter of Sheridan* v. *Fletcher,* 270 App. Div. 29, 32, 33; *People* v. *Higgins,* 165 Misc. 503; *People* v. *Byrne,* 195 Misc. 783, 785.)

In *People* v. *Bearden* (290 N. Y. 478, 483) Judge Lewis stated: " Proof of speed under certain conditions may lead to civil liability. In our examination of the record at hand, however, we have given heed to the admonition by Chief Judge Cullen that ' A distance separates the negligence which renders one criminally liable from that which establishes civil liability.' (*People* v. *Rosenheimer,* 209 N. Y. 115, 123) ".

The admission of the defendant as to a speed in excess of seventy miles would not standing alone be sufficient to justify the issuance of a warrant for speeding. (*People* v. *Winston,* 155 App. Div. 907.)

Speeding is defined in section 56 of the Vehicle and Traffic Law as follows: "A rate of speed by a motor vehicle or motor cycle on any public highway in excess of fifty miles an hour for a distance of one-fourth of a mile, except where a greater speed is permitted by the state traffic commission, shall be unlawful."

I do not feel that any of the three grounds set forth in the information signed by Deputy Sheriff Sprague are sufficient to justify the issuance of the warrant; consequently, the Justice was without jurisdiction. (*People* v. *Dobbertin, supra.*)

It is true that the defendant had a fair trial. The jury found him guilty. He was sufficiently apprised of the charge against him provided the information acted only as a pleading. But when it serves as the basis for the issuance of the warrant of arrest, as it did here, it must be made by someone with knowledge of the facts or be supported by sworn depositions of persons competent to testify to its contents and must contain facts showing the commission of the crime and the defendant's probable guilt. In the absence of such facts, the magistrate lacks jurisdiction and a conviction cannot be upheld.

Consequently, the judgment should be reversed, the information dismissed, and the fine remitted.

Prepare order accordingly.