Maurice W. McCann, J.
Defendant was convicted after a trial without a jury on December 7, 1956 in the Justice’s Court of the Town of Jerusalem of violating subdivision 1 of section 56 of the Vehicle and Traffic Law. The court imposed a fine of $25 which was paid. From this judgment of conviction the defendant has taken this appeal in which he alleges five errors. Foremost and first of these is that of a defective information. The defendant at the opening of the trial made a motion for the dismissal of the information as being defective. The motion was denied by the court. He again renewed his motion at the conclusion of the People’s case, thereby preserving his right to attack the information on this appeal. (People v. Orzechowski, 4 Misc 2d 484.)
The defendant having duly raised the question of the sufficing of the information we will now turn our attention thereto.
‘ ‘ Originally an information was a criminal proceeding at the suit of the king without a previous indictment or presentment by a grand jury. It could be preferred only by a responsible public officer when duly supported by affidavit, was limited to misdemeanors and was a substitute for an indictment. In this sense it is unknown to the law of this state. By the Revised Statutes it was called a complaint relating to a criminal offense. (3 R. S. 706.) By the Code of Criminal Procedure it is defined as “ the allegation made to a magistrate, that a person has been guilty of some designated crime.” (Code Cr. Pro. § 145.) The statute does not expressly provide that it is to be sworn to, nor even that it must be in writing, although the word ‘ ‘ allegation ’ ’ from the analogy of other judicial proceedings points to that formality. Some light is thrown upon the substance and office of the information by other sections, which we quote as follows:
‘ ‘ When an information is laid before a magistrate, of the commission of a crime, he must examine under oath the informant or prosecutor, and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them. (§ 148.)
“ The depositions must set forth the facts stated by the prosecutor and his witnesses, tending to establish the commission of the crime and the guilt of the defendant. (§ 149.)
1 ‘ If the magistrate be satisfied therefrom, that the crime complained of has been committed and that there is reasonable ground to believe that the defendant has committed it, he must issue a warrant of arrest. (§ 150.)
“ There is some confusion in the authorities as to what an information really is, for the term is frequently used to desig *621 nate. the deposition or affidavit upon which a criminal warrant is issued. The statute itself is not free from doubt upon the subject. An affidavit taken before a magistrate may be full enough to perform the function both of an information and a deposition. This is true when it sets forth facts sufficient to authorize a warrant without further evidence, but when more proof is required and it is necessary to subpoena witnesses and take their depositions, an information is essential. Its office is that of a complaint, as the Revised Statutes called it. Depositions are the authority for the warrant, as the magistrate must be satisfied ‘ therefrom, ’ which refers to the depositions only. Something less is required in an information than in a deposition, as otherwise there would be no occasion for the latter. The deposition must set forth facts tending to show that a crime has been committed and that there is reasonable ground to believe that the defendant committed it. While the information need not go so far as the deposition, still it cannot rest wholly on information and belief, but facts enough must be stated to show that the complainant is acting in good faith and that he has reasonable grounds to believe that a crime has been committed by some person named or described.” (People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 389-391; italics supplied.)
“ If * * i:= the information is based solely on inadmissible hearsay, the defendant is entitled to a dismissal of the proceeding.” (People v. Bertram, 302 N. Y. 526; People v. Belcher, 302 N. Y. 529, 533-534.)
‘ ‘ 1 An information must set forth the acts constituting the crime with the same clarity as an indictment. * " * The defendant should be informed of the nature of the charge against him and of the act constituting it, not only to enable him to prepare for trial, but also to prevent him from being tried for the same offense. * * * The requirement that an
indictment and an information must state the crime with which a defendant is charged, and the particular acts constituting that crime is more than a technicality; it is a fundamental, a basic principle of justice and fair dealing, as well as a rule of law.’ ” (People v. Schultz, 301 N. Y. 495, 497; italics supplied.)
The information must set forth the specific acts constituting the alleged offense and may not leave them to be supplied by conjecture. (People v. De Gironimo, 172 Misc 1100.) Nor can the information state mere conclusions. (People v. Kasloff, 54 N. Y. S. 2d 455.) Deficiencies in informations cannot be supplied by recourse to depositions, affidavits or testimony. (People v. Patrick, 175 Misc. 997; People v. Grogan, 260 N. Y. 138.)
*622 The settled rule of criminal pleadings requires that all the elements which enter into the definition of the offense must be stated. The strictness which formerly prevailed in respect to nonessential matters has been relaxed, but the rule that the offense must be charged in plain intelligible language and that all the essential elements of the crime must be alleged has not been relaxed. It has been preserved for the protection of the accused, and to promote the certain and orderly administration of the criminal law. (People v. Patrick, supra.)
With the foregoing rules in mind, an examination of the information is in order. It reads as follows:
State of New York County of Yates Town of Jerusalem
Be It Remembered, that I, William R. Leach, Deputy Sheriff, Yates County, residing in the Town of Milo, County of Yates, N. Y. now come before Clark Benedict, esq., a Peace Justice of the Town of Jerusalem, in the County of Yates, N. Y. and give information under oath as follows:
That one William A. Staples on the 2nd day of Sept. 1956, at the County Rd. 405, in the Town of Jerusalem, County of Yates, N. Y. at about 4:00 o’clock in the forenoon of said day, did commit the Traffic Inf Driving at Dangerous Speed Violation sect. 56 Par 1 of the V. '& T. Law of N. Y. State against the person or property of the People of N. Y. State by wrongfully, unlawfully, wilfully and knowingly did drive one 1950 Oldsmobile sedan bearing N. Y. S. Lie. Y.C. 53-44 at a speed that was too fast to have said ear under control at this point. At this point the road was under construction and there was flares at this point that were lighted properly. Said car failed to make the turn at the foot of the hill and travelled 150 ft. along the bank and then rolled over and car landed back in road headed south, and driver was thrown out of car and on to the road. Said car was going north from G-uyanoga, to Penn Yan.
Wherefore Your Informant prays that the depositions of this Informant, and ---- may be reduced to writing and duly subscribed, and that a warrant issue for the arrest of said accused, and that he be dealt with pursuant to the provisions of the V & T Law.
Sworn to before me this 6th day of Oct. 1956. William R. Leach, complainant.
Clark L. Benedict Justice of the Peace
This instrument purporting to be an information states that the alleged violation took place at 4 o’clock in the morning September 2, 1956. The proof discloses that the deputy sheriff making the information was in bed at that hour so obviously he could not have witnessed the alleged violation. No witnesses were produced before the Justice as called for by section 148 of the Code of Criminal Procedure. Therefore, it could not be said to have been laid on information and belief.
*623 The complainant in the information alleges that the defendant operated his car “At a speed that was too fast to have said car under control at this point. * * * Said car failed to make the turn at the foot of the hill and travelled 150 ft. along the bank and then rolled over ”. Obviously such a statement standing alone can be based only upon a surmise, a guess or inference — in other words, it is based upon conjecture and conclusions. Apparently there were no witnesses present so the complainant could not have based his statement on inadmissible hearsay evidence.
Paragraph 1 of section 56 of the Vehicle and Traffic Law reads as follows: “ No person shall operate a motor vehicle or a motor cycle upon a public highway at such a speed as to endanger the life, limb or property of any person, nor at a rate of speed greater than will permit such person to bring the vehicle to a stop without injury to another or his property.” (Italics supplied.)
The information does not allege that anyone or his property was in any way endangered or that the car was operated at a speed greater than will permit such person to bring the vehicle to a stop without injury to another or his property; further, there was no allegation that any other person or his property was endangered (or even present) as required by the statute.
Safety of the person and property of others is now the keynote of the law. The general purpose of all laws regulating traffic is not primarily to protect the fast driver from the consequences of his own folly (suicide is not a crime) but rather to protect the life and property of others lawfully using the highways.
Applying the law as outlined we are brought to the inescapable conclusion that the information was defective in that it was neither made by a person witnessing the alleged crimes, nor was it based upon depositions of persons who had firsthand knowledge of the facts, nor did it set forth the specific acts constituting the crime or all of the elements which must enter into the definition of the offense.
Without a proper information, no crime was charged, the Justice’s Court could not acquire jurisdiction, and consequently there can be no conviction. (People v. Winston, 155 App. Div. 907.)
It is clear here that the information was defective and insufficient to sustain the charge and for this reason the case must fall. Judgment of conviction is reversed, the information dismissed and fine remitted. Reversal is for errors of law only *624 thereby making unnecessary a ruling upon the other contentions of the defendant.
In making this determination I have not been unmindful that courts of special sessions are frequently conducted by men not learned in the law. These are strict standards to impose upon lay justices of the peace, but they are necessary to protect the fundamental rights of persons charged with a crime.
An order may be submitted in accordance with this decision.