Matthew J. Jasen, J.
This is an appeal from a judgment of the City Court of Buffalo convicting appellant of leaving the scene of an accident, a misdemeanor, in violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law of New York State. The court imposed a fine of $50 and revoked appellant’s license to operate a motor vehicle. Appellant claims that the information upon which he was put to trial, was fatally defective in that the allegations therein are made upon information and belief, therefore depriving the trial court of jurisdiction to try him. If appellant is correct, there can be no valid conviction. (People v. Staples, 5 Misc 2d 619.) Appellant moved, at the opening of the trial, for the dismissal of the information as being defective. The motion was denied by the court. He again renewed his motion at the conclusion of the People’s case, thereby preserving his right to attack the information on this appeal. (People v. Taylor, 159 Misc. 536.)
The information filed by the complainant, Erie A. Smith, charged the appellant with the crime of leaving the scene of an accident in essentially the words of the statute, adding the date, the name and address of the appellant, and the name of the street on which the appellant allegedly was traveling when he struck complainant’s automobile. Added at the bottom of the charge was the following statement: " This affidavit is made upon information and belief and the source of deponent’s information and the grounds for his belief, defendant’s statement of admission hereto attached, all of which deponent believes to be true. Wherefore the said complaint prays that a proper warrant may issue according to law, touching the premises.” The signature of the complainant then appears, duly sworn to before a clerk of the City Court of Buffalo.
The question of the legal sufficiency of an information insofar as the information may or may not require factual evidence, *817 duly sworn to, to be included in the information has been a source of constant litigation in the courts of this State. There is now little question that when an information is the basis of a warrant of arrest, it must contain factual evidence given on oath, or be supported by affidavits, on oath, containing such evidence, which tends to show that a crime has been committed and that the defendant is guilty of the crime. (People ex rel. Livingston v. Wyatt, 186 N. Y., 383, 391; People v. Belcher, 302 N. Y. 529; People v. Bertram, 302 N. Y. 526.)
As stated by the court in the Belcher case (pp. 533-534): “ In misdemeanor cases prosecuted in courts of special sessions outside of New York City, the same information often serves both as the basis for the issuance of the warrant upon which the defendant is arrested and as the pleading on which the defendant is thereafter tried. Where an information is employed to obtain a warrant of arrest, it may not rest on hearsay, but must set forth — or be supported by one or more depositions setting forth — facts, stated under oath by a person competent to testify about them, or other proper evidence, tending to show the commission of a crime and the defendant’s probable guilt * * * If, in such a case, the information is based solely on inadmissible hearsay, the defendant is entitled to a dismissal of the proceeding.”
The court in the Belcher case went on to point out that in a case, such as the one here, where the information is used solely as a pleading, there is “no explicit constitutional or statutory requirement that the information, when so utilized, be sworn to by a person competent to testify to the facts recited”. It specifically left open the question whether such a requirement should be enforced upon considerations of policy.
There are good reasons for both views. WTien an information serves only the purpose of a pleading, the defendant has not been and will not be deprived of his liberty unless, after a fair trial, he has been proven guilty of the crime charged by sworn testimony. (Cf. People v. Mezzatesta, 203 Misc. 253.)
On the other hand, great damage could be wrought by permitting informations to be unsworn. As pointed out in the Wyatt case (supra, p. 391) “an unfounded accusation could be set on foot and an investigation instituted upon unsupported assertion without any proof whatever. Business secrets could be exposed and private papers invaded through the worst of motives. Malice, civil actions, business rivalry, speculation or curiosity might be the sole foundation for a useless and oppressive proceeding.”
It is this court’s opinion that the wiser course to follow is to require that an information include factual evidence which is *818 sworn to as a fact by the complainant or that depositions sworn to as a fact by other witnesses be included in the information. The Court of Appeals has, in effect, so held in People v. Scott (3 N Y 2d 148) wherein it stated, at page 152: “In our opinion, the same reasons of policy which we stated in People ex rel. Livingston v. Wyatt (186 N. Y. 383, supra) require verification of an information when used as a basis for obtaining a warrant of arrest, require verification of an information when used as a pleading.”
Coming now to the information in this case, it was sworn to by complainant completely on information and belief. Not one allegation of the information does he state of his own knowledge. The source of complainant’s information and the grounds for his belief, as stated in the information, is the appellant’s státement of admission “hereto attached”. If the attached statement tended to prove that a crime had been committed and that appellant was probably guilty thereof, the rule expressed above would be satisfied. (People v. Sorg, 3 Misc 2d 437.) On the contrary, however, the statement shows only that appellant had operated his car on South Side Parkway on August 30, 1957, at about midnight; that he evidently fell asleep, and came to at William and Bailey Avenue; that on the following morning he saw the right front and right rear fender of his car was damaged; that he immediately inquired at No. 12 Police Station if there were any accidents' along the route he travelled the night before; and that he, to the best of his knowledge, did not remember striking the complainant’s car. The other so-called admissions were completely hearsay as to the appellant, having been told to him by the police officer who took his statement.
One of the essential elements of the crime charged here is knowledge that an accident had occurred and knowledge that damage had been done. (Vehicle and Traffic Law, § 70, subd. 5-a.) The very statement upon which the People attempt to base the charge negatives this element. Furthermore, it is necessary that an accident did in fact take place. Nowhere in the statement is there an assertion, with knowledge, that an accident occurred at the time and place alleged in the information.
The conviction is reversed, the information dismissed, the fine remitted to appellant and his operator’s license restored.