Martin Schenck, J.
The defendant was involved in an automobile accident which occurred at 3:30 a.m. He was subsequently charged in Court of Special Sessions, Guilderland (Bigsbee, J.) with a violation of subdivision 1 of section 1113 of the Vehicle and Traffic Law, in that he was accused of driving through a 1 ‘ light flashing red ” at a highway intersection. The information against the defendant was laid by a State trooper who was not present at the time of the alleged violation but who subsequently investigated the accident. There *920 are no supporting statements or depositions accompanying the information laid by the trooper. Apparently, the trooper either accompanied or followed the defendant, when the latter, still unconscious, was taken to a hospital. There is no indication that the trooper arrested the defendant at that time. No warrant was issued. The defendant merely appeared for trial pursuant to a State Police “ uniform traffic ticket
The question presented, following the trial and conviction of the defendant, is whether or not the information was sufficient to confer jurisdiction upon the Court of Special Sessions. The District Attorney argues that an information in a case involving a simple violation of the Vehicle and Traffic Law is a mere pleading, need not be drawn with the nicety of an indictment, and may be based on information and belief unsupported by sworn statements. e Upon this point the People cite the case of People v. Belcher (302 N. Y. 529). In that case there had been a legal arrest by a police officer prior to the laying of an information against the defendant. The officer personally observed the defendant to be in an intoxicated condition. The information therein was based upon hearsay as far as the charge of drunken driving was concerned, but the Court of Appeals held that the trial court obtained jurisdiction upon the basis of the valid arrest lawfully made without a warrant. The court therein indicated, however, that unless there had been a valid arrest the unsupported information would not have conferred jurisdiction upon the trial court.
There is reported in volume 302 of the New York Reports, immediately preceding the Belcher opinion, the case of People v. Bertram (302 N. Y. 526). That case again involved an information which, upon its face, was hearsay, although it was supported by signed but unsworn statements of two informants. There was no legal arrest without a warrant as in the Belcher case. The court there held that the trial court had no jurisdiction and that the information was, therefore, insufficient to sustain a conviction. The Bertram authority has been consistently followed. (See People v. Drebitko, 4 Misc 2d 753; People v. Staples, 5 Misc 2d 619.) The case at hand seems to me to fall squarely within the doctrine of these authorities and is clearly distinguishable from the rule of the Belcher case.
It follows that, there having been no legal arrest, and the information having been insufficient to confer jurisdiction on the trial court, the judgment of the Court of Special Sessions must be reversed, the fine remitted, and the information dismissed.