Henry Tasker, J.
Defendant appeals from a judgment of the Police Justice Court of the Incorporated Village of Amity - ville, entered upon the verdict of a jury, adjudging him guilty of malicious mischief (Penal Law, § 1433, subd. 2).
An information was laid before the Police Justice charging defendant with injuring a cat boat belonging to the complaining witness, by striking said boat with an iron bar, driving a hole in the planking. Concurrently, two affidavits made by com plainant’s wife and a neighbor were submitted to the Magistrate. Only one of such affidavits contains direct information relating to the alleged occurrence.
A protracted trial before the Police Justice and a jury resulted in the verdict and judgment of guilt here under review.
The defendant was accorded a fair and complete trial before the learned and capable Police Justice, Avith the exception hereinafter noted, and the verdict of the jury Avas fully justified by the evidence.
Two of appellant’s assignments of error require attention. His principal argument upon this appeal relates to an alleged jurisdictional deficiency in the information. During the course of cross-examination of the informant and complaining witness, it appeared that he was not present when the criminal acts charged occurred, and could not have had any personal knowledge of the facts alleged in the information. Defendant’s motion to dismiss was then made, and denied by the court on the authority of People v. Belcher (302 N. Y. 529).
In so ruling, the learned Police Justice fell into error.
The information herein was made by Richard W. Gillen, the complaining witness, on knowledge. No depositions or other supporting documents were attached or referred to therein. Indeed, they were wholly unnecessary, since the allegations of fact were apparently made on Gillen’s own knowledge. Defendant was thereafter arrested upon a warrant, duly arraigned and held for trial.
Without question, the complaining witness had no knowledge of the events stated in the information. They were hearsay as to Gillen who admittedly was not present at the time in question, and, of course, was wholly incompetent to testify to the facts to which he had sworn. Although it is quite probable that this misrepresentation of knowledge was inadvertent, and the information was in fact based on information and belief, the source being the affidavit of the witness Schurig, the information does *200 not so state; nor does it refer to any deposition nor were the depositions in fact attached.
With an eye to formalizing the initiation of criminal proceedings, the Court of Appeals has, in a series of recent cases, laid down guides for Courts of Special Sessions outside the City of New York (Code Crim. Pro., §§ 145-150).
It is well settled that any criminal information must be in writing and must be verified before an appropriate officer (People v. Jacoby, 304 N. Y. 33; People v. Scott, 3 N Y 2d 148; People v. Halling, 203 Misc. 428). The information must in itself, or if made on information and belief in the depositions attached, state facts constituting the crime charged, to which facts the informant or the deponents can testify. (People v. Belcher, 302 N. Y. 529; People v. Sorg, 3 Misc 2d 437; People v. Orzechowski, 4 Misc. 2d 484.)
Where the information is the basis for a warrant of arrest, and is not in fact made on the informant’s own knowledge, the source of the information and the grounds of belief must be set forth, and the depositions attached to the pleading. (People v. Bertram, 302 N. Y. 526; People v. Belcher, supra; People v. Mezzatesta, 203 Misc. 253.)
Subsequent to the trial herein, the Court of Appeals extended these requirements in People v. James (4 N Y 2d 482). It was there held that all informations must be made by someone having competent knowledge of the facts stated or, if made on information and belief, the supporting depositions must be referred to in the information, and must be attached thereto. Failure to meet this standard deprives the Magistrate of jurisdiction and requires dismissal of the charge.
In the case at bar, the informant admittedly had no knowledge of the facts to which he swore. The return of the Police Justice states that the deposition of Mary Schurig was taken before him concurrently with the verification of the information. However, it is not referred to therein, nor was it attached. Subsequent presentation of the depositions upon the trial does not cure the jurisdictional defect (People v. James, 4 N Y 2d 482, 484, supra).
The complaining wdtness is an attorney, and the distinction between allegations and knowledge, and those on information and belief must be known to him. At the very least, his allegations on knowledge in the information constituted inadvertent false swearing.
The usual practice is to require a timely objection to a-defective information before the trial commences. The reason for this rule is clear. In the instant case, however, the informa *201 tion was on its face sufficient. No deficiency was visible to the inspecting eye since it was purportedly made on complainant’s knowledge. When the defect appeared on cross-examination, defendant made a timely and appropriate motion.
To hold that the defendant waived the jurisdictional deficiency or that the proceeding was validated by his failure to move prior to trial is to reward false swearing and to promulgate a rule which puts a premium on concealment of the nature of the informant’s knowledge. Verification under those circumstances would become a hollow mockery and the series of principles so painstakingly laid down by our highest court would be rendered wholly nugatory.
Under the rule laid down by the Court of Appeals in People v. James (supra) this information is jurisdictionally defective because of its foundation is unsupported hearsay. It had no validity either as a basis for a warrant of arrest, or as a pleading. The Police Justice was without jurisdiction and upon the foregoing authority, the proceeding must be dismissed.
As an incidental matter, the court is constrained to note that the admission into evidence on redirect examination of the witness Schurig of an affidavit made by her prior to trial was erroneous. Prior consistent extrajudicial statements of a witness are not admissible to reinforce the witness’ testimony except where it is charged that the testimony in chief is of recent fabrication (People v. Katz, 209 N. Y. 311; People v. Singer, 300 N. Y. 120). No such suggestion was here present.
Since Mrs. Schurig was the sole eyewitness to the defendant’s act, use of her prior statement to bolster and reinforce her testimony was error, and, in this instance, sufficiently prejudicial to require reversal and a new trial. (People v. Garcia, 7 A D 2d 492.)
In view of the foregoing, the other assignments of error are not here passed upon, although the court feels that they are without substance.
Judgment of conviction reversed on the law upon the ground first afore-stated; the information is dismissed and the fine remitted.
Submit order on notice.