Richard J. Sherman, J.
I have before me an appeal from a motor vehicle conviction in the Court of Special Sessions of the Town of Wilton, Saratoga County, New York.
An information was laid by Trooper D. E. Hanehett charging the defendant with wrongfully, unlawfully and knowingly operating and driving a motor vehicle, to wit: a 1960 Dodge bearing registration No. 10-926 DLR, State of New York, on a public highway in the Town of Wilton, County of Saratoga, New York, in a restricted speed zone, adequately marked and with suitable warning signs erected and placed by the authority of the New York State Traffic Commission, which restricted speed in such zone to 30 miles per hour, at the following rate of speed: 52 miles per hour. Said speed wa's checked by radar speedmeter which at the time was operating and functioning properly and properly tested for accuracy.
According to the return of the Justice, the information was read to the defendant and his rights were fully stated to him. At that time, Sunday, March 20, 1960, the defendant pleaded guilty to the violation as charged and a fine of $50 was levied upon and collected from the defendant by the Justice of the Peace.
¡Several points are argued by the attorney for the defendant-appellant. However, all of these questions, excepting one, have been overcome by the defendant’s plea of “ guilty ” to the charge.
The one remaining question relates to the jurisdiction of the court. In the information made by Trooper Hanehett, he unequivocally states that the speed was checked by radar. This would seem to mean that he was the person operating the radar at that point. However, the facts are contrary to such statement. The affidavit of the defendant states that he was proceeding southerly on Route 9 and that a State Police ear was also traveling in the same direction behind the defendant’s automobile for a period of time and that the State Police car then passed defendant’s car. These facts are conceded by the District Attorney and it developed that Trooper Hanehett was in the police car, operating on the highway, and not operating the radar equipment. Nowhere does the information state that it *665 is based upon information and belief and the source of such information and belief, nor is any supporting deposition attached to the information. There was no examination of the troopers operating the radar. The information is, therefore, defective and the conviction should be reversed and the fine remitted.
A complete review of the facts and the papers upon this appeal would indicate that the Justice of the Peace acted diligently and within his proper authority at all times. It is only the information which is defective.
As stated in People v. Bertram (302 N. Y. 526) at page 529, ‘ ‘ our Oode of Criminal Procedure required something more than mere hearsay as the basis for the issuance of the warrant of arrest herein.”
In People v. Belcher (302 N. Y. 529) the court took a different view where the trial court acquired jurisdiction of the defendant by a valid arrest, lawfully made without a warrant. It held that the information then serves only the function of a pleading, at least where no question is raised as to the authority of the court to commit the defendant pending trial on the basis of the information. At page 534, however, the court stated ‘ ‘ we find it unnecessary to decide it here, since the information is not one based upon inadmissible hearsay or otherwise incompetent evidence.”
In this instant case, the trooper following the defendant could have relied upon his own knowledge and judgment, without reference to the radar readings. Not having done so, the troopers operating the radar equipment could readily have sworn to the information or supplied a deposition supporting the information. The radar information was hearsay insofar as the information is concerned. Submit order.