John J. Walsh, J.
On July 26,1962, defendant was convicted after trial by the Hon. Donald L. Austin of a violation of section 45 of the Navigation Law, an offense, not a crime.
Upon the trial, the defendant moved to dismiss on the ground that subdivision 1 of section 45 of the Navigation Law was unconstitutional. This was denied by the Trial Judge and this claim is not urged upon this appeal.
Research discloses that the original wording of subdivision 1 of section 45 was found to be vague and uncertain and therefore unconstitutional in People v. Bogner (20 Misc 2d 465 [1959]). Thereafter, the statute was amended (L. 1960, ch. 794) to define reckless operation of a vessel as that which unreasonably interferes, instead of unnecessarily interferes, with free use of waters and that which unreasonably endangers any vessel or person instead of unnecessarily endangering the same (see 35 N. Y. Univ. L. Rev. 1423).
Neither is the information defective since the Deputy Sheriff making it swears upon his own knowledge as to the alleged facts. (People v. Bertram, 302 N. Y. 526.)
Defendant assigned a number of errors on this appeal, none of which appear to be grounds for reversal unless this court wishes to substitute its judgment for the trier of the facts, which it is not permitted to do.
One error assigned is that the oral decision of the court at the time of judgment indicates doubt in the mind of the Judge that the statute was violated. To reach such a conclusion, it would be necessary to single out the word “ probably ” for more emphasis than is warranted when the entire statement by the court on the subject of intent is considered.
The court said in its oral opinion from the Bench: “ I might point out, that this is an offense, in fact, not a crime and there is nothing in the law requiring any intent whatsoever and like every motor vehicle offense, in fact. The statute was violated probably and was committed regardless of anybody’s intent to commit it and regardless what thought they had while committing it.”
*570 Since the court was speaking of intent not being an element of the offense, it would be taking the word ‘ ‘ probably ’ ’ out of context to assign doubt in the Judge’s mind as to the fact of a violation.
The defendant claims on the appeal that there was no showing of danger to any identified persons and no complaints of dangerous operation of the boat from any swimmers or watchers on the shore.
The testimony of the Deputy Sheriff was to the effect that it is his duty to patrol Lake Delta in a boat and that on June 23,1962 he was in his boat at Delta Lake about 600 feet north of the dam at a dock and that he observed a boat at a dock and that he observed a boat with two people in it, towing a water skier about 25 feet behind the boat. That he observed the boat go within 10 feet of three swimmers who were approximately 110 feet from the shore and between them and a group of approximately 200 swimmers who were about 50 feet from the shore. He testified that the boat was going 20 miles per hour at the time and that the water skier dropped off and went into shore and the boat made a turn and went around the swimmers and caused ‘1 quite a wash ”, upon which happening, the Deputy issued a summons to the defendant.
The Deputy further testified that the boat went between the group of three swimmers and the larger group and that its path was in a line 10 feet from the smaller group and about 50 feet from the larger group and made a wash about a foot high and that, “ the swimmers were bobbing up and down.”
The fact that the swimmers were not identified nor that they made either before or after the incident a complaint is unimportant. The trier of the facts had a right to give credibility to the Deputy’s testimony and could logically determine therefrom that defendant did not navigate his boat “ in a careful and prudent manner and at such rate of speed as not to unreasonably interfere with the free and proper use of the navigable waters of the state or unreasonably endanger any vessel or person.” (Navigation Law, § 45, subd. 1.)
The defendant and his witnesses denied that he came anywhere near any swimmers or endangered anyone. This may well be true and this court might have found the facts differently but it is fundamental that the credibility of the witnesses and the doctrine of reasonable doubt belong solely with the trier of the facts and not with the appellate court.
Judgment of conviction is affirmed.