■   In the Matter of HARRY J. BROWN, Petitioner, v. WILLIAM S. HULTS, as Commissioner of the Department of Motor Vehicles of the State of New York, Respondent.— *Per Curiam.* Proceeding under article 78 of the CPLR to review a determination of the Commissioner of Motor Vehicles which revoked petitioner's license for refusal of consent to a chemical test to determine the alcoholic content of his blood (Vehicle and Traffic Law, § 1194). The arresting State Trooper testified that, while patrolling, a man called him across the highway to a point where his automobile was stopped just ahead of another car and informed him that the petitioner had been driving behind him and "kept bumping into his bumper" and that when both cars stopped for a traffic light he went back to the other car and tried to talk with petitioner, who would not exhibit his operator's license or automobile registration certificate. The trooper then talked with petitioner, who appeared to be intoxicated, and who admitted that he had been driving the car and that he had been drinking. Upon petitioner's arrest and refusal to submit to the requested test, the Commissioner directed a hearing and the revocation followed. Petitioner disputes the validity of the arrest, asserted to have been made pursuant to section 1193 of the Vehicle and Traffic Law which authorizes an arrest without a warrant in case of a violation of section 1192 as to operating while intoxicated, "if such viola-

tion is coupled with an accident or collision in which such person is involved, which in fact has been committed, though not in the police officer's presence, when he has reasonable cause to believe that the violation was committed by such person." From his own observation and from petitioner's admissions the trooper had reasonable cause to believe that the violation had been committed. There was adequate evidence, also, that the " violation [was] coupled with an accident or collision " in which petitioner was involved, this not merely in the trooper's hearsay testimony as to the other driver's statements but in such corroborative direct evidence as the positions of the two stopped cars and the dent in the bumper of the informant's car (see *People* v. *Belcher*, 302 N. Y. 529) as well as petitioner's silence and demeanor generally when he was interviewed by the trooper, and this without reference to his refusal to testify before the Referee on the ground of self incrimination. The hearsay to which petitioner objects was properly admitted in an administrative proceeding; there was other and direct evidence upon the issue; petitioner sought no adjournment to await the termination of any criminal or other proceedings; and neither in the admission of evidence nor otherwise was petitioner denied a fair hearing or deprived of due process in any other respect. Although findings more specific than those before us would have been preferable, we find insubstantial petitioner's contention that the Commissioner failed to find that " an accident or collision ", and hence a lawful arrest, occurred; this, petitioner asserts, because of references in the findings to the trooper's arrival at the scene of an " alleged accident " and his interview there with one of the drivers involved " in said alleged accident "; but at those times, indeed, the incident was, in police parlance, " an alleged accident " and, in any event, we consider the finding of a lawful arrest implicit in the determination. Determination confirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.