OPINION OF THE COURT
Susan T. Kluewer, J.
Defendant’s motion to dismiss the accusatory instrument as defective is granted.
*650 Defendant stands accused of assault in the third degree (Penal Law § 120.00 [1]). The accusatory instrument filed in this case is labeled “misdemeanor complaint” (see CPL 1.20 [1]). It was sworn to by Police Officer Frank A. Ruvolo on July 27, 2001 at approximately 6:00 a.m. By it, Officer Ruvolo attests that the victim — defendant’s girlfriend — advised him that, one day earlier, on July 26, 2001 at 10:00 a.m., defendant struck her in the face with his fist, causing contusion, swelling, pain and blurred vision. Officer Ruvolo further attests that the victim stated “[m]y boyfriend punched me because I wanted to go out, he hit me in the eye with his fist, he keeps beating me every day” and “I don’t want him arrested but I want an order of protection.” Finally, Officer Ruvolo attests that he observed that “the left eye area was swollen and red and bruised.” A supporting deposition is annexed to the misdemeanor complaint. It is dated July 27, 2001, bears the victim’s name at the top, sets forth the details of the July 26th incident and that the victim and defendant had another fight “this morning,” that the victim was upset and “decided to cut my wrists” and that thereafter the police arrived, presumably in response to the apparent suicide attempt, to treat her wounds. The victim did not, however, sign the supporting deposition, which is marked “refused.”
Defendant now moves to dismiss the “information” (cf. CPL 170.65 [1]) on the ground that it is defective as a premise for prosecution because it is based virtually entirely on hearsay. The People oppose, advancing the theory that “the victim told Officer Ruvolo what happened at the first suitable opportunity,” that the victim’s statement is admissible as a “prompt complaint” exception to the hearsay rule, and that, therefore, the accusatory instrument is a sufficient premise for prosecution. The People’s opposition is without legal merit.
Defendant, regardless of how hideous the nonfelony crime he is accused of may be, has an absolute right to be prosecuted by a legally sufficient information, i.e., an accusatory instrument that meets the requirements specified in CPL 100.15 and 100.40 (cf. CPL 100.10 [4]). Among those requirements is that the factual part of the information “and/or” any supporting deposition contain nonhearsay allegations that, if true, establish “every element of the offense charged and the defendant’s commission thereof’ (see CPL 100.15 [3]; 100.40 [1] [c]). Also required are verifications — statements under oath — from the complainant (see CPL 100.15 [1]), and from anyone executing a supporting deposition, attesting that the facts on which the ac *651 cusation is based are true (see CPL 100.15 [1]; 100.20, 100.30; cf. CPLR 3020 [a]).
It is correct, as the People note, that a statement — e.g. a defendant’s admission — which constitutes an exception to the hearsay rule and which is attested to directly by the complainant or by the supporting-deposition witness is competent as “evidence” when reviewing the sufficiency of an information (see People v Casey, 95 NY2d 354 [2000]; People v Belcher, 302 NY 529 [1951]). But the People’s suggestion that the attestations of Officer Ruvolo are sufficient to establish every element of the offense charged and defendant’s commission thereof — in effect an assertion that Officer Ruvolo need be the only witness at trial to establish a prima facie case of defendant’s guilt (see People v Belcher, supra) — is unsupportable.
First, the “prompt outcry” evidentiary exception, grounded as it is on a somewhat antiquated view of what a “female” will do when she is the victim of a “sexual” attack, is apparently limited to “sex offenses” (see People v McDaniel, 81 NY2d 10 [1993]), of which assault is not one (cf. Penal Law arts 120, 130). Second, the “outcry” must be made at the first “suitable” opportunity (People v McDaniel, supra). The People’s bald assertion that this victim’s complaint satisfies this particular criterion hardly demonstrates the suitability of making a complaint the day following the incident and in the context of police response to a different crisis (cf. id.). Third, although some cases do refer to “prompt outcry” as an exception to the rule against the admission of hearsay (see People v Rice, 75 NY2d 929 [1990]), and while testimony about a prompt outcry is indeed testimony about an out-of-court assertion, it nonetheless appears that the exception on which the People rely is more accurately described as an exception to the rule against bolstering a witness’ testimony with a prior consistent statement (see People v McDaniel, supra). The exception thus allows limited bolstering evidence that supplements direct evidence of an attack by the accused (cf. id.). No such direct attestation of defendant’s commission of an assault is set forth in the accusatory instrument filed here. There is, therefore, nothing for any “prompt outcry” to bolster. Indeed, because “prompt outcry” evidence is admitted, not to prove the truth of the matter asserted but, rather, to prove that a complaint was made, the exception authorizes testimony only of the fact of a complaint, not the details giving rise to it (see People v McDaniel, supra; People v Rice, supra). Admission of the underlying details pursuant to this exception is error (id.). Thus, even if the excep *652 tion were applicable here, the details relayed through Officer Ruvolo are not properly considered in ruling on the sufficiency of the accusatory instrument. Without them, the accusatory instrument, apart from its other shortcomings, would fail for want of any meaningful facts.
The accusatory instrument filed in this case is jurisdiction-ally defective (CPL 100.40, 170.35). It is, therefore, dismissed.