Breitel, J. (dissenting).
Defendant has been convicted of the misdemeanor of operating a motor vehicle while intoxicated in violation of section 1192 (subd. 2) of the Vehicle and Traffic Law. He was found at the scene of an accident at which his vehicle drove to the left, jumped a sidewalk curb, knocked down a gasoline pump, struck a parked car and propelled it through a window into an office doing extensive damage in the premises. In lieu of arrest defendant was given and later responded to a uniform traffic summons (Vehicle and Traffic Law, §§ 207V208). He was thereafter tried before the City Court of the City of New Rochelle without a jury, fined $100 and had his license revoked. He offered no evidence and rested on the People’s case.
*569 Defendant does not on this appeal dispute the merits hut contends that the trial court was without jurisdiction because the information filed subsequent to the issuance of the summons was insufficient as it was based on hearsay without depositions of eyewitnesses attached. The majority seems to conclude, although defendant does not even suggest, that the allegations of hearsay do not unequivocally indicate that the affiant to the information, a police officer, heard the incriminating hearsay conversations or that they related to the offense.
The judgment of conviction should be affirmed, both in reason and on the recent applicable precedents in this court.
Preliminarily, two vital distinctions must be made and kept in mind. The first is that this prosecution was initiated by a summary arrest and then by the substitution of a summons in lieu of arrest and not by warrant based on sworn statements. The second is that the term “ information ” is used indiscriminately to refer either to a complaint filed, on which a warrant may issue, or to a pleading, as here, filed subsequent to arrest for crime. The documents, however, are quite different in origin and function.
After defendant’s summary arrest and the subsequent issuance of the summons, police officer Levy made and filed a sworn “ information ” before the Magistrate reciting:
“ The said defendant was operating his motor vehicle North on North Avenue and did go left jumping the curb at the above mentioned address striking and knocking down a gas pump, striking a parked car knocking the said parked car through a window and into the office of 640 North Avenue causing extensive damage.
“ The allegations concerning the defendant’s operation of the vehicle are based upon information and belief the source of the said information and the grounds for the said belief being conversations ■ between Ptlm. James Thompson and Marshall Walker, James Kelly and Joseph P. Collins. The defendant was taken to New Rochelle police head, [sic] and was examined and pronounced intoxicated and unfit to drive by Dr. Thomas IT alky. He was given the drunkometer test. ’ ’
Only the most restrictive and unnatural reading would fail to conclude from this affidavit, prepared by a police officer or court clerk, that the allegations refer to the conversations *570 describing tlie events of the accident and offense first noted above and that the conversations were related to the affiant, Levy, by his fellow police officer, Thompson. Moreover, the affiant referred as if on his own knowledge to the giving of a drunkometer test and the examination of defendant by the physician. In short, the ordinary reading of this plain affidavit is that police officer Thompson told police officer Levy what is stated in the immediately preceding paragraph and that thereafter defendant was subjected to the drunkometer test and the medical examination. Under the decided cases in this court this is a sufficient rendering of the sources of hearsay to sustain this type of information, one which served only as a pleading rather than one which initiated a criminal proceeding by the issuance of a warrant for the arrest of defendant (People v. James, 4 N Y 2d 482, 486; People v. McGuire, 5 N Y 2d 523, 525-526; cf. People v. Schwer, 7 N Y 2d 838).
The difference between the kind of information which initiates a criminal proceeding and one which serves as a pleading in a prosecution already begun by arrest is not merely a formal one. When a defendant is arrested summarily he must be brought promptly before a Magistrate (Code Grim. Pro., § 165). Upon arraignment before the Magistrate, unless the defendant waives examination, the Magistrate must proceed to examine the case including the taking of testimony from witnesses (id. § 190). If there is insufficient cause, the defendant must be discharged (id. § 207). It is upon such preliminary hearing, and not by any written complaint filed, that defendant obtains significant protection against baseless prosecution, unless, of course, he chooses to waive such hearing. It is only thereafter that the information, qua pleading, is filed and it is this type of information, qua pleading, that may be based on hearsay provided the sources are stated. Thus in the James case (supra), it was said: “It is in this context that reasonable guarantees against baseless prosecutions not predicated on probable cause must be considered, and it is in that light that we believe the requirement that an information be based on competent legal evidence be observed, or that the information be supported by depositions, or that at least the sources of information and grounds of the belief be stated. It would be manifestly unjust to charge persons with crime on pure unidentifiable hearsay ” *571 (supra, p. 486), and again in the McGuire case (5 N Y 2d, supra, pp. 525-526): “ For instance, when the information is used as a basis for obtaining a warrant for an arrest, mere hearsay unsupported by a sworn statement or an examination by the Justice is not enough (People v. Bertram, 302 N. Y. 526). On the other hand, when a valid arrest is made without a warrant, the information serves as a pleading for the trial and is sufficient in and of itself to establish prima facie each of the essential elements of the crime charged without the necessity of a further deposition to particularize the evidence relied on (People v. Belcher, 302 N. Y. 529)”.
When the criminal prosecution is initiated by warrant the situation is entirely different. Then the arrest is lawful because based upon the warrant, provided the supporting papers show probable cause, or if based upon a pleading information or indictment filed. In such case the proof before the warrant-issuing Magistrate or the Grand Jury must include competent common-law evidence to establish probable cause or even the commission of the crime, prima facie. Of course, if a warrant was issued on a complaint, confusingly also called an information, under sections 145 and 148 of the Code of Criminal Procedure, the statute is explicit as to the quantum and quality of proof that must be supplied (id. § 149). The information, like an indictment, subsequent to arrest, performs a pleading function only and defendant has no right to a preliminary examination under .section 190 of the code. The equivalent procedure and safeguards have been supplied by the initial summary arrest and preliminary examination, or by proof before the Grand Jury in the case of a crime prosecuted by indictment or information directed by the Grand Jury to be filed.
Although the nomenclature is confusing and the procedural system unnecessarily complicated because of its historical development, the systemic purpose of providing safeguards against baseless prosecutions covers, under the existing rules, the various categories of procedures used.
No useful purpose, therefore, is served in requiring that an information, qua pleading, be supported by common-law evidence, and the courts have never so required. Moreover, the present case illustrates perfectly the irrelevance of requiring more in the information, qua pleading, than was contained. *572 When this defendant was arrested at the scene of the crime he knew the precise details of the charges against him and of his offense, and especially after the drunkometer test and the medical examination. Had he been brought before the Magistrate as one arrested he would have had the right to counsel and to procure a full examination of the charges and the case against him, immediately or after adjournment if he so wished, or to waive such examination (id. §•§ 188, 190; cf. § 194, where the arraignment is on a warrant arrest and there is also a right to a full examination of the case). Of course, in this case defendant was granted the privilege of being released from arrest and instead given a uniform traffic summons to procure his appearance before the court. It is only subsequent to the issuance of that summons that the “information” was filed in order to progress the prosecution. It did not serve to cause the arrest of the defendant or to procure his appearance in court. Instead, its purpose was to formalize the charges upon which he was to be tried. It was, in short, nothing more than a pleading, and there is no contention, as there hardly could be, that as a pleading it was vague, indefinite, or uncertain.
It is only an incident, and one, it happens, very beneficial to the defendant, that he was not arraigned before the Magistrate upon the summary arrest. He could have chosen to stand arrested and to be brought before a Magistrate, in order to obtain a preliminary examination of the charges and the full case against him. The basis for his appearance in court ivas not the information but the summons in lieu of arrest.
In the context of this procedure, cases which have required verification of a pleading information (People v. Scott, 3 N Y 2d 148) or dismissal of an information for failure to give the sources of hearsay information, as was the situation in People v. James (4 N Y 2d 482, supra), are immaterial.
Evidently, the majority is not requiring that all informations including pleading informations must be based upon common-law evidence as is the main contention by defendant on this appeal. Such a requirement would be a very bad one (see People v. Tennyson, 19 N Y 2d 573, decided simultaneously with this case). There are many circumstances in which pleading informations, and, indeed, even complaints filed to procure the issuance of a warrant of arrest, of necessity must be *573 based upon hearsay information. These occasions arise when the victim or eyewitnesses are not available either by reason of physical status, condition, or location and yet there is urgency to proceed with both the initiation and progressing of a criminal prosecution. To be sure, when hearsay information is used, as is the rule generally throughout the law, the sources of the information must be given. The failure in the past to identify eyewitnesses who gave the information has been the reason for striking down such informations but it would be unsound policy and in many cases even disastrous to require common-law evidence in every case to support the issuance of a pleading or even of a warrant in a criminal case. Moreover, to do so would mean that summary arrests would require, quite anomalously, less than an arrest based upon a warrant or than would a pleading information or indictment. A summary arrest can, of course, be based upon hearsay from reliable sources.
In passing, it should be noted, however, that law enforcement authorities should avoid the use of informations of any category based solely on hearsay, even with the sources stated, if it is not inconvenient or impossible to attach the depositions of eyewitnesses, and it would certainly be desirable that where such depositions are not attached that the reason be given why they are not attached.
Accordingly, I dissent and vote to affirm the judgment of conviction.
Chief Judge Fuld and Judges Vast Voobhis and Keatihg concur with Judge Berg ait ; Judge Breitel dissents and votes to affirm in an opinion in which Judges Burke and Scileppi concur.
Judgment reversed, etc.